ADAMS, STATE REVENUE AGENT, *v*. FIRST NAT. BANK OF GULFPORT.

[77 South. 195, Division A.]

1. TAXATION. *Taxation by state. National banks.*

While it is true that a national bank is not subject to taxation upon its capital stock by the state or any subdivision thereof yet the shares into which its capital stock is divided, and which are the property not of the bank but of the holders thereof may be taxed under the provisions of U. S. Revised Statutes, section 5219 (U. S. Comp. St. 1916, section 9784), and the taxes imposed thereon may be collected in the first instance from the bank itself "as the debt and in behalf of the shareholders, leaving to the corporation the right to reimbursement for the tax paid, from the shareholder."

2. SAME.

And such is the object sought to be accomplished by Code 1906, section 4273, Hemingway's Code, section 6907, under which the tax is imposed.

3. SAME.

That this statute makes no provision for a recovery by the bank from its shareholders, for the taxes paid by it pursuant thereto is not material for the reason that such recovery may be had "under the general principle of law that one who pays the debt of another, at his request can recover the amount from him."

APPEAL from the circuit court of Harrison county. Hon. J. H. NEVILLE, Judge.

Proceeding by Wirt Adams, state revenue agent,

against the First National Bank of Gulfport. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Mayes & Mayes* and *Mize & Mize,* for appellant.

The question presented to the court here is this: Is the property of the First National Bank of Gulfport taxable that is set out in the state revenue agent's claim before the board of supervisors, which constitutes the basis of the complaint in this cause, to wit, capital stock, surplus, undivided profits, and any and all other property, assessable to the bank which had escaped taxation by reason of not having been assessed?

On the authority of the case of *Owensboro National Bank* v. *Owensboro,* 173 U. S. 664, the state is vested with the general power to impose a tax directly on a national bank, and the authorities therein cited are ample to sustain this contention.

To the same effect is *Aberdeen First National Bank* v. *Chehallis Co.,* 166 U. S. 440; also *Marguire* v. *Board of Revenue,* 71 Ala. 401, and our own state authority in cases of *Vicksburg Bank* v. *Worell,* 67 Miss. 47; *Bank* v. *Oxford,* 70 Miss. 504.

The latest case on this point, which we claim is absolutely decisive of our contention, is that of *First National Bank of Jackson, Mississippi,* v. *McNeel, Internal Revenue Collector,* decided by the United States circuit court of appeals for this, the 5th Circuit, on Jan. 8, 1917; 238 Fed. Rep. 559, which affirmed the case of *Bank* v. *Oxford,* 70 Miss. 504, and construing the statute on the subject, uses the following language:

"The statute, as so construed, imposes the tax, not on the bank or its capital, but upon the shareholders; the bank being required to pay for them. The absence of express provision in the statute giving the bank the right to recover from its several shareholders their proportional parts of the amount so paid for them does not show

that there is no such right of recovery, or that the intention was for the tax to fall ultimately upon the bank and not upon its shareholders. *Home Savings Bank Co.* v. *Des Moines,* 205 U..S. 503.

"That the tax fell upon the shareholders and not upon the bank is sufficiently shown by the language of the statute, giving it the meaning which the supreme court of Mississippi has found that it expresses. The conclusion is that the payment in question was not for 'taxes imposed' within the meaning of those words as used in the provision of the corporation tax act as to the deductions allowable in ascertaining the corporation's net income, as the tax in question was imposed, not on the corporation, but upon its shareholders," citing a number of authorities.

We think this case absolutely decisive of our contention and it is supported by the other authorities cited in this brief. See, also, *Bank of Magnolia* v. *Pike County,* 72 So. 697.

We therefore respectfully submit that the case should be reversed and remanded and the appellee held liable for back taxes on the property set out in the schedule set out in the record.

*Griffith & Wallace,* for appellee.

We take it that nothing is better settled or freer from dispute than (1) that the shares of stock in a national bank are owned by and belong to the individual shareholder and are not in anywise the property of the bank, and (2) that a national bank and such property as it owns (which does not include the shares of stock therein) can only be taxed by a state in the manner and within the limits permitted by congress. These are propositions which over and over have been declared by the supreme court of the United States and are manifest on principle besides. Secs. 5210 5219, Rev. St. U. S.; *Owensboro National Bank* v. *Owensboro,* 43 L. Ed. 850; *First National Bank of Albuquerque*

v. *Albright,* 52 L. Ed. 614; *Bank* v. *Chehalis Co.,* 41 L. Ed. 1069. *Bell* v. *Pennsylvania,* 33 L. Ed. 896; Van Slyke v. *Wisconsin,* 20 L. Ed. 240; *Charleston Nat'l Bank* v. *Melton,* 171 Fed. 743; *Eliot Nat'l Bank* v. *Gill,* 134 C. C. A. 358; 37 Cyc. 833; *First National Bank* v. *City of Richmond,* 39 Fed. 309; *National Bank of Va.* v. *Richmond,* 42 Fed. 877; *Brown* v. *French,* 80 Fed. 166; *First National Bank* v. *Lampasas,* 78 S. W. 42; *Miller* v. *First National Bank,* 21 N. E. 860; *First National Bank* v. *Fisher,* 26 Pac. 482; Tiffiny on Banking, 436-7.

We submit that there may be "a stretch and a strain if it be willed" but nothing less than a judicial complement, supplying appropriate legislation can make ends meet here, and as to this proceeding for want of notice in writing to the owners, there is no possibility of bridging the very fundamental requirement as to having the parties in court. We submit that the judgment should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is a proceeding in which the revenue agent is attempting to back-assess the shares of appellee's capital stock, together with the accumulations thereon for the years 1902 to 1907, inclusive, during which it is alleged that these shares have escaped taxation. Appellee is a national bank, and claims, and the court below held, that the tax is imposed against it upon its capital stock as such, which the state is without power to do . It is true that a national bank is not subject to taxation upon its capital stock by the state or any subdivision thereof, but the shares into which its capital stock is divided, and which are the property not of the bank but of the holders thereof, may be taxed under the provisions of U. S. Revised Statutes, section 5219 (U. S. Comp. St. 1916, section 9784), and the taxes imposed thereon may be collected in the first instance from the bank itself, "as

the debt and in behalf of the shareholders, leaving to the corporation the right to reimbursement for the tax paid from the shareholders'' (*Home Savings Bank* v. *Des Moines,* 205 U. S. 503, 27 Sup. Ct. 571, 51 L. Ed. at p. 910; *First National Bank* v. *McNeel,* 238 Fed. 559, 151 C. C. A. 495); and such is the object sought to be accomplished by the statute by which the tax here sought to be collected is imposed (*Bank* v. *Oxford,* 70 Miss. 501, 12 So. 203; Constitution, section 181; Code of 1906, section 4273; Hemingway's Code, section 6970. That the statute makes no provision for a recovery by the bank from its shareholders for the taxes paid by it pursuant thereto is not material, for the reason that such recovery may be had ''under the general principle of law that one who pays the debts of another, at his request can recover the amount from him.'' *Home Savings Bank* v. *Des Moines, supra.*

*Reversed and remanded.*