FIRST NATIONAL BANK OF GULFPORT *v.* ADAMS, STATE REVENUE AGENT.

[85 South. 308, In Banc. No. 21035.]

1. PLEADINGS. *Demurrer does not admit facts set forth in improper or illegal pleadings.*

   The rule with reference to the admission by a demurrer to a pleading is that a demurrer admits all facts well pleaded to be true. It does not admit the facts set forth in improper or illegal pleadings.

2. PLEADING. *Defendant must either deny or admit plaintiff's pleading.*

   The pleadings of a defendant must either deny or admit the plaintiff's or complainant's pleading. If he admits the facts set forth in plaintiff's pleadings, he may avoid by affirmative averment, but he must either deny or confess and avoid. He may not allege facts neither in denial nor in confession and avoidance.

On suggestion of error. Suggestion of error over-ruled.

For former opinion, see 84 So. 707.

ETHRIDGE, J., delivered the opinion of the court.

The suggestion of error asserts that the two former opinions in this case are inconsistent and that they are only alike in one respect, in that they were reversals of the court below. The two former opinions are re-ported in 108 Miss. 346, 67 So. 407, and 116 Miss. 450, 77 So. 195; and a careful examination will show that they deal with separate propositions and are not in conflict one with the other.

.. It is insisted also in the suggestion of error that the appellant was entitled to a reversal on the pleadings; that the plea of the plaintiff was demurred to and the demurrer sustained; and that the plea set forth certain facts with reference to the amount of capital stock and surplus which it is contended the demurrer admits to be true and which amounts are less than the judgment rendered against the appellant.

The rule is that a demurrer admits all the facts well pleaded, but it does not admit the truth of facts not well pleaded.

The revenue agent was the complainant and set forth his contentions in a notice of assessment. If any pleading by the defendant was necessary at all, the pleadings would be one of two kinds, either a denial of the plaintiff's contentions, or, second, by confessing them and pleading in avoidance some affirmative matter which would discharge the obligation admitted in the pleading., The allegations in the present pleadings relied on do not fall in either class. It makes averments, it is true, but the proper plea would have been a denial of the allegations. There was no confession of liability nor of facts from which liability would certainly be inferred with other averments avoiding the legal effect of such confession.

The other matters contained in the suggestion of error have been fully passed on in the former opinions. The suggestion of error will therefore be overruled.

*Overruled.*