## FIRST NATIONAL BANK OF GULFPORT, MISSISSIPPI, *v.* ADAMS, REVENUE AGENT OF THE STATE OF MISSISSIPPI.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF MISSISSIPPI.

No. 136.	Argued March 2, 1922.—Decided April 10, 1922.

1. A state tax upon a national bank, based on its capital stock, surplus, undivided profits and other property, is not equivalent to a tax upon the shareholders in respect of their shares and is invalid under Rev. Stats., § 5219. P. 364.

2. When the validity of an assessment by state officers is challenged here, the court must determine the effect of the thing actually done; what might have been done under the local statute is not controlling. P. 365.

123 Miss. 279; 84 So. 707, reversed.

CERTIORARI to a judgment sustaining a tax on the petitioner.

　*Mr. Wm. H. Watkins* for petitioner.

　*Mr. J. B. Harris,* for respondent, submitted.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Petitioner is a national bank located at Gulfport, Harrison County, Mississippi. The State Revenue Agent instructed the Tax Collector for that County as follows:

" The following described property, in said County, to-wit: Capital Stock, surplus, undivided profits, and any and all other property properly assessable to banks, amounting to $75,150, belonging to and owned by First National Bank of Gulfport has escaped taxation during each of the years 1902, 1903, 1904, 1905, 1906 and 1907, by reason of not being assessed.

" You are by virtue of the Annotated Code of Mississippi of 1906, Chapter 131, Sec. 4740, now notified and required to, within ten days hereafter, make the proper assessment of said property by way of an additional assessment, on the roll or tax list in your hands, and to give ten days' notice in writing to said First National Bank whose property is so assessed, and also notify in writing the Board of Supervisors of said County, of said assessment." '

In obedience to this instruction, the Collector entered upon the rolls of his office an assessment to the Bank in these words—"Amount of all other personal property not otherwise mentioned, $174,000.00."

　Objection was duly offered upon the ground that the corporation was assessed and not the stockholders as required by § 5219, Revised Statutes of the United States. The Harrison County Circuit Court overruled this and directed the Board of Supervisors:

"To assess the First National Bank of Gulfport, Mississippi, with capital stock, surplus, undivided profits, and any and all property assessable to said bank, in the sum of $75,150.00, for the years 1903, 1906 and 1907, which said property was at said time owned by said First National Bank and which had escaped taxation for each of the years as hereinbefore set out; and said Board of Supervisors is hereby directed to make such assessment by way of additional assessment on the roll and tax list of Harrison County, Mississippi."

The Supreme Court of the State approved this judgment. See *State Revenue Agent* v. *Bank,* 108 Miss. 346; *Adams* v. *First National Bank of Gulfport,* 116 Miss. 450; *First National Bank of Gulfport* v. *Adams,* 123 Miss. 279.

Section 5219 [1] Revised Statutes, (copied below) prescribes the full measure of the power of the several States to impose taxes upon national banking associations or their stockholders. Any assessment not in conformity therewith is unauthorized and invalid. *Bank of California* v. *Richardson,* 248 U. S. 476, 483. "The tax assessed to shareholders may be required by law to be paid in the first instance by the corporations themselves as the

---

[1] Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the State within which the association is located; but the legislature of each State may determine and direct the manner and place of taxing all the shares of national banking associations located within the State, subject only to the two restrictions, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such State; and that the shares of any national banking association owned by non-residents of any State shall be taxed in the city or town where the bank is located, and not elsewhere. Nothing herein shall be construed to exempt the real property of associations from either State, county, or municipal taxes, to the same extent, according to its value, as other real property is taxed.

debt and in behalf of the shareholder, leaving to the corporations the right to reimbursement for the tax paid from their shareholders, either under some express statutory authority for their recovery or under the general principle of law that one who pays the debt of another at his request can recover the amount from him." *Home Savings Bank* v. *Des Moines,* 205 U. S. 503, 518. But as pointed out in *Owensboro National Bank* v. *Owensboro,* 173 U. S. 664, 676, 677, a tax levied upon a corporation measured by the value of its shares is not equivalent to one upon the shareholders in respect of their shares.

Where the validity of an assessment by officers of the State is properly challenged, and the matter comes here, this court must determine the effect of the thing actually done. What might have been done under the local statute is not controlling. We think it clear that the assessment in the present case was against the corporation and beyond the power of the State definitely delimited by § 5219.

The judgment of the court below must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*

Mr. Justice Clarke took no part in the consideration or decision of this cause.