(No. 21659.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE OAK PARK TRUST AND SAVINGS BANK, Appellant.

*Opinion filed February 23, 1933.*

SAMUEL SPITZER, and HENRY N. SHABSIN, for appellant.

JOHN A. SWANSON, State's Attorney, LEE R. LAROCHELLE, WILLIAM B. WALRATH; SAMUEL F. BLOCK, and ELMER M. WALSH, (J. W. BRABNER-SMITH, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The People of the State of Illinois brought an action of debt in the circuit court of Cook county against the Oak Park Trust and Savings Bank to recover a sum of money claimed to be owing by the bank for the taxes levied upon the shares of its capital stock for the year 1930. The bank interposed the plea of *nil debet*. Judgment was rendered against the defendant on July 26, 1932, for $24,750.58, plus a penalty thereon at the rate of one per cent per month from May 1, 1932, and the costs of suit. The case relates to the revenue, and by authority of section 118 of the Practice act, the defendant prosecutes this direct appeal.

The original assessment roll was introduced in evidence by the appellee. The roll showed the names of the stock-

holders of the bank, alphabetically arranged, with their respective addresses and opposite the name of each stockholder appeared in separate columns, the number of shares held by him, the par or face value per share, the aggregate par value of his shares, their actual value, and finally, the total assessed value as corrected by the board .of review. It further appeared from the assessment roll that the total number of shares so listed in the names of the stockholders was ten thousand; that this number of shares, of the par value of one hundred dollars each, constituted the bank's capital stock of one million dollars and that the fair cash value of each share was $45 or $450,000 for the whole number of shares.

The contentions which the appellant makes for a reversal of the judgment are that it is not liable for taxes upon its shares of capital stock assessed against the stockholders and that, in any event, the sum for which the judgment was recovered is so excessive as to make the amount levied fraudulent. The appellee answers that, to effect the collection of taxes upon such shares of stock, it is the duty of the bank periodically to withhold from the dividends to be paid to the shareholders sufficient money to defray the taxes; that this duty imposes upon the bank, as the agent of the shareholders, a direct and primary liability to pay the taxes, and that, in the absence of evidence of fraud, the over-valuation of property by the assessing officers for the purpose of taxation will not be reviewed by the courts. In our view of the case, only ·the first contention raised by the appellant needs to be considered.

Section 35 of the Revenue act (Cahill's Stat. 1931, p. 2321; Smith's Stat. 1931, p. 2385) provides that stockholders of every incorporated bank located within this State, whether organized under the Banking law of this State or of the United States, "shall be assessed and taxed upon the value of their shares of stock therein, in the county, town, district, village or city where such bank or banking associa-

tion is located and not elsewhere, whether such stockholders reside in such place or not." The method of ascertaining the value of such shares of stock is prescribed and the shares are required to be listed and assessed annually with respect to their ownership and value on the first day of April. Section 36 provides that "In each such bank there shall be kept at all times a full and correct list of the names and residences of its stockholders, and of the number of shares held by each; which list shall be subject to the inspection of the officers authorized to assess property for taxation; and it shall be the duty of the assessor to ascertain and report to the county clerk a correct list of the names and residences of all stockholders in any such bank, with the number and assessed value of all such shares held by each stockholder." By section 37 it is provided that "The county clerk, to whom such returns are made, shall enter the valuation of such shares in the tax lists, in the names of the respective owners of the same, and shall compute and extend taxes thereon the same as against the valuation of other property in the same locality."

Remedies for the collection of taxes levied upon shares of bank stock are afforded by the 38th and 39th sections of the Revenue act. The first provides that the collector of taxes, and the officer or officers authorized to receive taxes from him, may have an action to collect such taxes from the avails of the sale of the share or shares assessed and that the lien of the taxes on the shares shall continue until the taxes are paid. Section 39 provides that "For the purpose of collecting such taxes, it shall be the duty of every such bank, or the managing officer or officers thereof, to retain so much of any dividend or dividends belonging to such stockholders as shall be necessary to pay any taxes levied upon their shares of stock, respectively, until it shall be made to appear to such bank or its officers that such taxes have been paid; and any officer of any such bank who shall pay over or authorize the paying over of any

such dividend or dividends, or any portion thereof, contrary to the provisions of this section, shall thereby become liable for such tax; and if the said tax shall not be paid, the collector of taxes where said bank is located shall sell said share or shares to pay the same, like other personal property * * * ".

By section 35 of the Revenue act, the stockholders of every incorporated bank in the State are required to be assessed and taxed upon the value of their shares of stock in the bank at the county, town, district or municipality of the bank's location irrespective of the places of residence of the stockholders. The listing and assessment of the shares not only in respect of their value but also their ownership must be made as of the first day of April of each year. To facilitate the making of the assessment, section 36 requires each bank to keep a correct and complete list of the names and places of residence of its stockholders and of the number of shares held by each stockholder. This list is made available to the assessor and the duty is charged upon him to report to the county clerk, in addition to the information which the list is required to convey, the assessed value of each stockholder's shares. The county clerk is required by section 37 to enter the valuation of the shares in the tax lists, not in the name of the bank, but in the names of the respective owners of the shares, and to compute and extend the taxes thereon. The legislature, by the enactment of sections 35, 36 and 37, recognized that the shares of the capital stock of a bank are not the property of the bank, but of its shareholders. It not only required that the shareholders be assessed and taxed upon the value of their shares, but it also added provisions by which such assessment and taxation might be made effective. Liability for the taxes levied upon shares of bank stock therefore rests upon the stockholders. *People* v. *Toluca State Bank,* 327 Ill. 638; *Chicago Title and Trust Co.* v. *Central Trust Co.* 312 id. 396.

338

The appellee, however, argues that section 39 of the Revenue act imposes upon a bank or its managing officer or officers the duty to retain out of the dividends belonging to the stockholders sufficient sums to pay the taxes levied upon their shares of stock, and that, in consequence, the bank is made directly and primarily liable to pay such taxes. There is neither allegation nor proof that the bank earned, declared or paid a dividend. In this state of the record, there is no basis for the maintenance of this action. *People* v. *Amalgamated Trust and Savings Bank,* 350 Ill. 549.

The judgment of the circuit court is reversed.

*Judgment reversed.*