(No. 21608.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE FIRST NATIONAL BANK OF LAGRANGE, Appellant.

*Opinion filed February 23, 1933.*

LOUCKS, ECKERT & PETERSON, (CHILTON P. WILSON, of counsel,) for appellant.

JOHN A. SWANSON, State's Attorney, LEE R. LAROCHELLE, SAMUEL F. BLOCK, WILLIAM B. WALRATH, and ELMER M. WALSH, (J. W. BRABNER-SMITH, and B. E. NOWOGRODSKI, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The People of the State of Illinois brought an action of debt in the circuit court of Cook county against the First National Bank of LaGrange to recover a sum of money al-

leged to be owing by the bank for the taxes levied on its shares of capital stock for the year 1930. The defendant interposed the plea of *nil debet* and, after a trial, judgment was rendered against it for $3247.92 and costs. The bank prosecutes this appeal.

The evidence introduced by the appellee disclosed that the First National Bank of LaGrange kept a list of all its stockholders with their places of residence and the number of shares held by each stockholder; that the assessor had access to this list, but that the stockholders were not assessed upon the shares held by them; that the board of assessors fixed the value of the shares of the bank's capital stock as of April 1, 1930, at $55,000; that this assessment was confirmed by the board of review, and that the taxes levied for the year 1930 were extended against the bank upon this assessment.

The appellant seeks a reversal of the judgment upon several grounds. They may be reduced to the single contention that an assessment upon the shares of the capital stock of a national bank against the corporation or association itself is beyond the power of a State and is therefore void.

National banks are not merely private moneyed institutions, but agencies of the United States, created under its laws to promote its fiscal policies, and hence the banks, their property, and their shares cannot be taxed under State authority, except as Congress consents, and then only in conformity with the restrictions attached to its consent. *Des-Moines Nat. Bank* v. *Fairweather,* 263 U. S. 103; *First Nat. Bank of Guthrie Center* v. *Anderson,* 269 id. 341.

The Congress consented to any one of four forms of taxation of the shares of national banks by State authority. Title 12, United States Code, Annotated, section 548, provides: "The legislature of each State may determine and direct, subject to the provisions of this section, the manner and place of taxing all the shares of national banking associations located within its limits. The several States

may (1) tax said shares, or (2) include dividends derived therefrom in the taxable income of an owner or holder thereof, or (3) tax such associations on their net income, or (4) according to or measured by their net income, provided the following conditions are complied with: 1. (*a*) The imposition by any State of any one of the above four forms of taxation shall be in lieu of the others, except as hereinafter provided in subdivision (*c*) of this clause." Other conditions follow, but neither these conditions nor subdivision (*c*) of the first clause are pertinent to the questions presented for determination in this case.

The measure of the power of a State to impose taxes on such associations or their stockholders is prescribed by the foregoing section and any assessment not in conformity with it is unauthorized and invalid. (*Owensboro Nat. Bank* v. *Owensboro,* 173 U. S. 664; *First Nat. Bank of Gulfport* v. *Adams,* 258 id. 362). Under that section, shares of the capital stock of a national bank are subject to State taxation in the hands of the individual shareholders. (*VanSlyke* v. *Wisconsin,* 154 U. S. 581). The section only permits the State, when assessing taxes, to include national bank shares in the valuation of the personal property of the owner or holder of the shares. A State tax assessed against a national banking association measured by the value of its shares is not equivalent to a tax upon the shareholders in respect of their shares, and such an assessment against a national bank is beyond the power of the State. *First Nat. Bank of Gulfport* v. *Adams,* 258 U. S. 362.

Section 35 of the Revenue act of this State (Cahill's Stat. 1931, p. 2321; Smith's Stat. 1931, p. 2385) provides that the stockholders of every incorporated bank located within this State, whether organized under the Banking law of this State or of the United States, "shall be assessed and taxed upon the value of their shares of stock therein, in the county, town, district, village or city where such bank or banking association is located and not elsewhere, whether

such stockholders reside in such place or not." The method of ascertaining the value of such shares is prescribed and 'the shares are required to be listed and assessed annually with respect to their ownership and value on the first day of April. Each bank is required by section 36, to keep a correct and complete list of the names and places of residence of its stockholders and of the number of shares held by each stockholder. The list so kept shall be subject to the inspection of the assessor, and it is made his duty to report to the county clerk, the names and places of residence of the stockholders, the number of shares held by each stockholder and the assessed value of his shares. Section 37 requires the county clerk, to whom such returns are made, to enter the valuations in the tax lists in the names of the respective owners of the shares and to compute and extend the taxes thereon. It is obvious that the foregoing statutory provisions require that the holder of shares of the capital stock of an incorporated bank, and not the bank itself, shall be assessed and taxed upon his shares. *People v. Oak Park Trust and Savings Bank, ante,* p. 334; *People v. Toluca State Bank,* 327 Ill. 638; *Chicago Title and Trust Co.* v. *Central Trust Co.* 312 id. 396.

The assessment upon the shares of the appellant's capital stock was not made against the stockholders but against the appellant itself. The Congress has not assented to this method of taxation, and the assessment was neither levied in conformity with the Federal statute, nor in the manner prescribed by the applicable statute of this State. The assessment is therefore unauthorized and void. *First Nat. Bank of Gulfport* v. *Adams,* 258 U. S. 362; *Bank of California* v. *Richardson,* 248 id. 476; *People* v. *Oak Park Trust and Savings Bank, supra.*

The judgment of the circuit court is reversed.

*Judgment reversed.*