CITY OF HATTIESBURG v. FIRST NAT. BANK OF HATTIESBURG.

No. 7761.

District Court, S. D. Mississippi, Jackson Division.

Jan. 25, 1935.

For prior opinion, see 8 F. Supp. 157.

Green, Green & Jackson, of Jackson, Miss., and Harold Cox, of Jackson, Miss., for State Tax Collector.

Watkins & Eager, of Jackson, Miss., for the bank.

HOLMES, District Judge.

A motion to remand this case has heretofore been overruled, after its consideration by the court upon lengthy briefs submitted by each side. (D. C.) 8 F. Supp. 157. In those briefs it was tacitly conceded that the amount in controversy was sufficient to sustain jurisdiction in this court, but counsel for the city have asked and obtained a rehearing for the purpose of urging that the amount does not exceed the sum or value of $3,000, exclusive of interest and costs. Their contention is that the city seeks a several judgment for taxes against each shareholder of the bank; that the assessment cannot be against the bank but must be against each separate taxpayer by reason of a several liability growing out of a several ownership of stock. They say that the bank may not remove because the controversy here at issue in a judicial proceeding for taxes involves the liability not of the bank but of each shareholder, and that the assessment which will be made, if any is made, will be against each several stockholder for the amount apportioned to each stockholder's share or shares, none of which amounts exceeds $3,000. Counsel concede that, if the bank were suing in equity to restrain collection of the tax in controversy, the amount would be sufficient, because if it pays an unlawful tax assessed against its stockholders they may resist the right of the bank to collect it from them; that its position, involving a trust relation, authorizes a court of equity to see that it is protected in the exercise of the duties appertaining to it; and that equity may interfere to prevent a multiplicity of suits, but where the taxing authority is plaintiff, they contend that the real defendants are the shareholders.

The contention ignores the real relation between the parties to this proceeding. The question now raised was necessarily involved in the prior decision upholding jurisdiction, although not dealt with in the opinion for the reason indicated. As will be seen, the bank is a statutory agent for the purpose of returning the assessment and paying the tax. Its duty and responsibility are absolute and mandatory, not contingent and voluntary. The proceeding is to assess and collect ad valorem taxes upon the bank's surplus valued at $250,000 for each year. The amount is approximately $6,500 per annum, or $13,000 for the two years 1931 and 1932. This liability, under statutory method, is sought to be imposed directly upon the bank. There is to be a single assessment of the total number of shares at their aggregate value, and the liability of the bank to pay the tax is sole and separate for the total amount.

The Mississippi statute (section 3138, Code 1930) provides for assessment of the number and amount of all the shares of the capital stock of the bank estimated at par and increased by its surplus fund or accumulation of profits, but if the shares are of less value than par they shall be assessed accordingly. It provides that: "The taxes levied on such bank or banking association shall be a first lien on its assets." National banks are treated precisely as banks created under the laws of the state of Mississippi; but each said bank and banking association shall, nevertheless, be liable to pay any taxes as the agent of each of its shareholders, and may pay the same out of its individual profit account, or charge the same to its expense account, or to the account of such shareholders in proportion to their ownership. It has several options as to reimbursement by the shareholders, but it has no choice to pay or not in its discretion. Its options are merely with reference to the fund it may be paid out of or to what account it may charge the amount paid, but pay it must, or its entire assets may be seized and sold.

Legislation of this character grew out of the great inconvenience caused by making assessments against each shareholder. The scheme, which has been quite generally adopted in this country, is simple and effective. It assesses the tax upon the shares of capital stock, but imposes upon the officers of the bank the duty of returning the assessment and upon the bank itself the liability to pay the amount of the tax, which is secured by first lien on its corporate assets. The plan has been the subject of judicial determination, and its validity is not assailed here. First National Bank of Louisville, Kentucky, v. Kentucky, 9 Wall. 353, 19 L. Ed. 701; First National Bank of Gulfport v. Adams, 258 U. S. 362, 42 S. Ct. 323, 66 L. Ed. 661; Home Savings Bank v. Des Moines, 205 U. S. 503, 518, 27 S. Ct. 571, 51

L. Ed. 901; Owensboro National Bank v. Owensboro, 173 U. S. 664, 19 S. Ct. 537, 43 L. Ed. 850; First National Bank of Aberdeen v. County of Chehalis, 166 U. S. 440, 17 S. Ct. 629, 41 L. Ed. 1069.

In Hannan, County Auditor, v. First National Bank (C. C. A.) 269 F. 527, 529, the bank paid the tax under protest and sought to recover it. The court held that the aggregate of the tax was the amount in controversy. It said: "As a pecuniary liability is imposed on the bank for the payment of the total amount of the tax imposed on all its stockholders, it is the real party in interest in a suit to enjoin the collection from the assets, a collection which is in effect an enforced declaration of a dividend. Redhead v. Iowa National Bank, 127 Iowa, 572, 103 N. W. 796." See, also, Cummings v. Merchants' National Bank of Toledo, 101 U. S. 153, 25 L. Ed. 903.

In this case the bank is sued as agent of its shareholders. Its liability to pay, if the tax is legal, is fixed by statute. Its assets are impressed with a lien to secure payment. Its relation to the shareholders is somewhat akin to that of an executor in a similar case; the beneficiaries of the estate are not necessary parties. So here the individual shareholders are not parties to the proceeding. It is not necessary that they be made such; the statute does not require it. For jurisdictional purposes the bank is deemed a citizen of the state in which it is located. As we should look to the citizenship of the bank to determine any question of general jurisdiction in respect of parties, so we must look to the liability of the bank to determine a question of general jurisdiction in relation to the amount involved. In this aspect the sum or value in controversy exceeds the requisite jurisdictional amount.

All that has been said would be true in this case if the assessment were in proper form under the statute, but it applies with stronger reason because the assessment is upon the bank's surplus instead of upon the shares of its capital stock paid in as the statute requires. The effort here is to assess the bank upon its surplus, which the bank claims is without authority of law. In any aspect of the case the liability sought to be imposed upon the bank is the full amount of the tax demanded, and the motion to reconsider and remand is overruled.