## UNITED STATES et al. v. LEWIS et al.

District Court, W. D. Kentucky.
April 8, 1935.

472

T. J. Sparks, U. S. Atty., Elwood Hamilton, Oldham Clarke, and Woodward, Hamilton & Hobson, all of Louisville, Ky., and William C. Fitts, of Washington, D. C., for plaintiffs.

Bailey P. Wootton, Atty. Gen., S. H. Brown and W. R. Attkisson, Asst. Attys. Gen., and J. Ward Lehigh and Mark Beauchamp, both of Louisville, Ky., for defendants.

Before MOORMAN, Circuit Judge, and ANDERSON and DAWSON, District Judges.

## PER CURIAM.

The Reconstruction Finance Corporation holds legal title to preferred stock in eighteen national banks located in Kentucky, and in forty-six state banks organized under the laws of this state. Acting on an opinion of the Attorney General of the state, the state and local authorities are contending that these shares of preferred stock are subject to taxation, under section 4092 of Kentucky Statutes (Carroll's 1930 Edition), and must be listed for taxation in the manner provided in section 4019a-10, Kentucky Statutes (Carroll's 1930 Edition). The plaintiffs resist the assessment of these shares of stock for taxation and the collection of any tax thereon, upon the ground that the Reconstruction Finance Corporation is an agency and arm of the United States government, and that the property in its name is really the property of the United States, and exempt from taxation by state and local authorities. The case is before us on motion of the plaintiffs for a preliminary injunction, restraining the defendants from assessing and certifying for taxation to the various taxing units the value of these shares of stock; and on defendants' motion to dismiss the bill.

This court, as a federal court, undoubtedly has jurisdiction of this controversy, under that provision of section 24 (1) of the Judicial Code (section 41 (1), title 28 USCA) which confers upon District Courts original jurisdiction "of all suits of a civil nature, at common law or in equity, brought by the United States." The United States is one of the plaintiffs, and joined in the suit for the purpose of asserting and protecting its immunity and the immunity of its agent, the Reconstruction Finance Corporation, from state and local taxation. Its claim of interest in the controversy is real and substantial; and the fact that there is another party plaintiff does not prevent the action from being one brought by the United States, within the meaning of the Judicial Code. Erickson et al. v. United States et al., 264 U. S. 246, 44 S. Ct. 310, 68 L. Ed. 661.

The motion to dismiss for want of equity and the motion for a preliminary injunction involve substantially the same questions, and are necessarily considered together.

The pertinent part of section 4092 of Kentucky Statutes reads as follows:

"(a) An annual tax of fifty cents (50¢) on each one hundred dollars of their fair cash value is hereby imposed upon the shares of stock of state banks and trust companies, incorporated under the laws of this Commonwealth, and of national banks doing business therein, and such tax shall be paid to the sheriff of the county annually by such banks and trust companies for and on behalf of the owners of such shares of stock; such tax shall be for state purposes only, and in lieu of all other taxes upon said shares by the state, or any county, city, town, or other taxing district.

"(b) Except that the county in which the said bank or trust company is located may impose a tax of not exceeding twenty cents (20¢) on the one hundred dollars of the fair cash value of such shares; and

"(c) Except that the city or town in which said bank or trust company is located may impose a tax of not exceeding twenty cents (20¢) on the one hundred dollars of the fair cash value of such shares; and

"(d) Except that the tax of not exceeding forty cents (40¢) on the one hundred dollars of the fair cash value of such shares may be imposed for school purposes by the regularly constituted authorities levying such tax or taxes in the district in which such bank or trust company is located; provided that when more than one levy is made for school purposes in the same year upon the same property, the said authorized levy, but not exceeding forty cents (40¢) in the aggregate, shall be distributed between said levies for school purposes in the proportion which the rate of each bears to the aggregate of all said rates."

Section 4019a-10 of Kentucky Statutes requires each bank to furnish to the assessing authorities and to the state tax commission certain information therein set out, to enable them to arrive at the taxable value of the shares of stock of such bank; and it will be observed that section 4092 requires each bank to pay the taxes due thereunder to the tax collecting officer; but according to the plain language of the act, such payment is made "for and on behalf of the owners of such shares of stock." It seems perfectly clear, therefore, that the tax imposed by section 4092 is a tax against the owner of the shares of stock, and not against the issuing bank.

▮ It was stated at the argument of this case that the universal practice in this state ▮ is for the banks to pay the tax, without charging it back to the owners of the shares of stock; but this practice cannot change the plain language of the act, nor render the shareholder any the less liable for the tax imposed by section 4092. There can be no doubt whatever that the paying banks may require the shareholders to reimburse them; and it is their duty so to do. The statute, in its requirement that the bank shall pay the tax for and on behalf of its shareholders, merely adopts a convenient method of collection. It was not intended to exempt the shareholder from liability for the tax paid by the bank on his behalf. Such a provision is valid. Bank of California v. Richardson, 248 U. S. 476, 39 S. Ct. 165, 63 L. Ed. 372. On the other hand, to so construe section 4092 as to make the banks liable for the tax on their shares, would make the section entirely invalid, in so far as the taxation of national bank shares is concerned. It is well settled that national banks, their property, or their shares of stock can be taxed by the states only to the extent and in the manner authorized by Congress, McCulloch v. Maryland, 4 Wheat. 316, 4 L. Ed. 579; New York ex rel. Williams v. Weaver, 100 U. S. 539, 25 L. Ed. 705; Mercantile National Bank v. New York, 121 U. S. 138, 7 S. Ct. 826, 30 L. Ed. 895; Owensboro National Bank v. Owensboro, 173 U. S. 664, 19 S. Ct. 537, 43 L. Ed. 850; First National Bank of Gulfport v. Adams, 258 U. S. 362, 42 S. Ct. 323, 66 L. Ed. 661; Des Moines National Bank v. Fairweather, 263 U. S. 103, 44 S. Ct. 23, 68 L. Ed. 191; and under section 5219, Revised Statutes, as amended by the Act of March 25, 1926 (section 548, title 12 USCA), shares of stock in national banks may be taxed by the state only against the owners thereof, whether the taxation be based upon the ad valorem plan or upon the income plan.

The first act of Congress consenting to the taxation of the shares of national banks was approved on June 3, 1864 (13 Stat. 99). Section 41 of that act authorized the respective states to include the value of the shares of national banks in the taxable personal property of the owner; and from that date to this the power of the states to tax the shares of national banks has been restricted to taxation of same against the owners thereof. In view of this fact, and of the further fact that such shares may be taxed only in the manner and to the extent authorized by Congress, we would be

474

inclined to construe section 4092, Ky. St., so as to harmonize the same with the national law, even though its language were ambiguous; but when its plain language is considered in connection with the limitation imposed by the national law on the power of the states to tax such shares, we have no hesitation in holding that section 4092 was intended to and actually does impose the tax upon the owners of the shares, instead of upon the banks themselves. So construed, are the shares held by the Reconstruction Finance Corporation subject to taxation?

 No citation of authority is necessary in support of the proposition that the property of the national government is not subject to state or local taxation. There is no doubt whatever that all the property of the Reconstruction Finance Corporation is in reality the property of the United States government, and that all the activities of that corporation are just as much activities of the government as if they were conducted by the Secretary of the Treasury in his official capacity, or by some other governmental official. The corporation was created by an Act of Congress (15 USCA § 601 et seq.). Its entire capital stock was subscribed for and is now owned by the United States. Its affairs are managed by a board of directors, consisting of the Secretary of the Treasury (or, in his absence, the Under-Secretary of the Treasury) and six other members, appointed by the President by and with the advice and consent of the Senate. The corporation has the same franking privilege for its mail as have the various executive departments of the United States government. It has the right, with the consent of any board, commission, independent establishment, or executive department of the United States government, to avail itself, free of charge, of any information, services, facilities, officers, and employees of such boards, commissions, and executive departments. It is authorized, with the approval of the Secretary of the Treasury, to issue, under certain restrictions, its negotiable obligations, which are fully and unconditionally guaranteed, both as to interest and principal, by the United States, such guaranty to be expressed in the face of such obligations; and the law further provides that, in event of default in the payment of these obligations either as to principal or interest, the Secretary of the Treasury shall pay the amount thereof out of any money in the Treasury not otherwise appropriated. It is authorized to act as a depositary of public moneys, other than receipts from customs, when designated for that purpose by the Secretary of the Treasury, and may also be employed as financial agent of the government; and it is required to perform all such reasonable duties as depositary of public money and as financial agent of the government as may be required of it. Provision is made for its liquidation, and all balances remaining unexpended after payment of its debts upon liquidation are to be paid into the United States Treasury as miscellaneous receipts. In event liquidation shall not have been accomplished by the directors within the time fixed by the statute, the Secretary of the Treasury is authorized to take charge of the affairs of the corporation and complete the liquidation thereof; and the corporation is required to make quarterly reports of its operations to Congress.

If the Act of Congress, instead of creating the Reconstruction Finance Corporation, had created an executive office and provided for the appointment of a natural person to fill same, and had invested such officer with the powers conferred upon the Reconstruction Finance Corporation, no one would question the proposition that such officer was an agent of the United States government, and that all the property which he held was the property of the United States; and this is none the less true because Congress has seen fit to use a corporation instead of a natural person.

Congress has passed no act consenting that these shares of stock belonging to the government and held by its agent, the Reconstruction Finance Corporation, may be taxed by state and local authorities. On the contrary, section 10 of the act creating the Reconstruction Finance Corporation (section 610, title 15 USCA) expressly provides that none of the property of the corporation, other than its real estate, shall be subject to taxation by the United States, or by the states, or any subdivision thereof. Such legislation was not necessary in order to exempt the shares of stock from taxation; but the fact that it was enacted establishes beyond all question that it was the intention of Congress that the property of this corporation, other than its real estate, should be exempt from taxation; and that intention of Congress must be respected.

It was suggested at the argument that the Reconstruction Finance Corporation is engaged in activities not within the competency of the national government, and therefore is not entitled to exemption from state taxation. This contention, however, ignores the real question here. The question here is not one of the constitutional power of the national government; it is the question of the constitutional power of the state government to tax the property here involved. If the property belongs to the United States, the use to which it is put is no concern of the courts. The exemption from state taxation is absolute, unless Congress has otherwise ordered.

Therefore, we conclude that the preferred stock here involved is exempt from taxation by the state, or any subdivision thereof, because it is the property of the United States; and the motion to dismiss will be overruled and the preliminary injunction prayed for granted.

Judge ANDERSON participated in the consideration of this case, and concurred in the result here announced; but, on account of illness, has not signed the opinion.