(No. 39188.—

THE PEOPLE *ex rel.* County Collector of St. Clair County, Appellee, *vs.* FIRST NATIONAL BANK OF MARISSA, Appellant.

*Opinion filed November 19, 1965.*

DREMAN AND STERLING, of Belleville, for appellant.

JOHN M. KARNS, JR., State's Attorney, and EUGENE H. WIDMAN, Assistant State's Attorney, both of Belleville, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an action by the collector of St. Clair County against the First National Bank of Marissa for collection of personal property taxes allegedly due for the years 1957, 1958, 1959 and 1960. The bank appeals from a judgment against it in the sum of $17,169.78 for taxes and interest. We have jurisdiction since the revenue is involved.

The bank filed a capital stock tax return for each year in question showing its capital, surplus, undivided profits and reserves; listing the names and addresses of its stockholders, together with the number of shares owned by each; and containing a balance sheet and a schedule showing its real estate at book value. Notice of the amount assessed against each shareholder was served on the bank with a work sheet attached to each return which indicates the method used to arrive at the assessed value per share. That value was fixed at $12.45, $5.39, $9.97 and $6.56 for the years 1957 to 1960, respectively.

The complaint alleges the levy and extension of taxes on "personal property" for the years in question and the delinquency, and ends with a prayer for judgment. While it is not so specified, it is apparent from the exhibits that the only taxes sought to be collected are capital stock taxes. The bank denied the material allegations of the complaint and alleged as an affirmative defense that "the assessment of and tax extended against said assessment is excessive, fraudulent, illegal, erroneous, and void" and states that it assumes the complaint to be directed to assessment of tax on its capital stock. The reply is a general denial of the affirmative defense. The initial question is whether, on this record, the collector can maintain this suit at all.

Section 76 of the Revenue Act, (Ill. Rev. Stat. 1961, chap. 120, par. 557,) provides that bank stockholders shall be assessed and taxed upon the value of their shares at the situs of the bank. Section 77 (par. 558) sets forth two means of collecting taxes so assessed. An action may be

maintained to sell the stock upon which taxes are delinquent and pay such taxes from the proceeds of sale, and, under certain conditions, an action may be maintained against bank officers. Section 77 provides, in part "* * * it shall be the duty of every such bank, or the managing officer or officers thereof, to retain so much of any dividend or dividends belonging to such stockholders as shall be necessary to pay any taxes levied upon their shares of stock, respectively, until it shall be made to appear to such bank or its officers that such taxes have been paid; and any officer of any such bank who shall pay over or authorize the paying over of any such dividend or dividends, or any portion thereof, contrary to the provisions of this section, shall thereby become liable for such tax; * * *."

The collector's right to maintain any action (other than against the individual stockholders) is predicated upon dividends having been authorized by the bank's board. It has long been held, under the substantially identical predecessor sections of the present Revenue Act, that the holder of shares of a bank, not the bank itself, shall be assessed and taxed upon its shares. (*Chicago Title and Trust Co.* v. *Central Trust Co.* 312 Ill. 396; *People* v. *First National Bank of LaGrange,* 351 Ill. 435.) It has likewise been established that where there is neither allegation nor proof that a bank has declared and paid a dividend there is no basis for a suit against it. (*People* v. *Amalgamated Trust and Savings Bank,* 350 Ill. 549; *People* v. *Oak Park Trust and Savings Bank,* 351 Ill. 334.) Here, the complaint was silent on the subject of dividends and there was no proof that any dividends were either declared or paid. It seems elementary that this was a prerequisite to maintaining this suit and that the burden was upon the collector, not the bank, to affirmatively show the declaration and distribution of dividends.

This view ends the case, but comment upon a defense raised by the bank may be in order. It is argued that in as-

460

certaining value section 76 of the Revenue Act was not followed, in that the work sheet for each year showed that the book value of the bank's real estate was deducted from the total value of the shares rather than the fair cash value provided by the statute. We are of the opinion that the burden of showing book value not to be equivalent to fair cash value was upon the bank, not the taxing authorities.

The judgment of the circuit court of St. Clair County is reversed.

*Judgment reversed.*