(No. 23186.—

THE PEOPLE *ex rel.* Edward J. Barrett, Auditor of Public Accounts, *vs.* THE UNION BANK AND TRUST COMPANY.—(ARTHUR E. CRUM, Receiver, Appellant, *vs.* WILLIAM L. O'CONNELL, Receiver, Appellee.)

*Opinion filed December 19, 1935.*

ROBERT C. HUNTER, for appellant.

DIXON, DEVINE, BRACKEN & DIXON, (ROBERT L. BRACKEN, and J. C. RYAN, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This is an appeal from a decree entered by the three judges of the circuit court of Stephenson county sitting *en banc.* The decree found, among other things, that section 13 of "An act defining the relations between banks and their depositors with respect to the deposit and collection of checks and other instruments payable in money," (for convenience called the Bank Collection Code,) approved July 8, 1931, (98 S. H. A. 219; Ill. State Bar Stat. 1935, chap. 16a, par. 37, p. 167;) was unconstitutional. So far as material here it provides:

"1. When the drawee or payor, or any other agent collecting bank shall fail or be closed for business by the Auditor of Public Accounts in the case of banks incorporated under the laws of this State, or the Comptroller of the Currency in the case of banks incorporated under the Federal laws, or by action of the board of directors or by other proper legal action, after an item shall be mailed or otherwise entrusted to it for collection or payment but before the actual collection or payment thereof, it shall be the duty of the receiver or other official in charge of its assets to return such item, if same is in his possession, to the forwarding or presenting bank with reasonable diligence.

"2. Except in cases where an item or items is treated as dishonored by non-payment as provided in section 11,

when a drawee or payor bank has presented to it for payment an item or items drawn upon or payable by or at such bank and at the time has on deposit to the credit of the maker or drawer an amount equal to such item or items and such drawee or payor shall fail or close for business as above, after having charged such item or items to the account of the maker or drawer thereof or otherwise discharged his liability thereon but without such item or items having been paid or settled for by the drawee or payor either in money or by an unconditional credit given on its books or on the books of any other bank, which has been requested or accepted so as to constitute such drawee or payor or other bank debtor therefor, the assets of such drawee or payor shall be impressed with a trust in favor of the owner or owners of such item or items for the amount thereof, or for the balance payable upon a number of items which have been exchanged, and such owner or owners shall be entitled to a preferred claim upon such assets, irrespective of whether the fund representing such item or items can be traced and identified as part of such assets or has been intermingled with or converted into other assets of such failed bank."

The appellant, Arthur E. Crum, as receiver of the First National Bank of Freeport, (hereafter called the National Bank,) filed a petition in the trial court asking that he be allowed a preferred claim against the assets of the Union Bank and Trust Company, (hereafter called the State Bank,) an insolvent Illinois banking corporation. His claim was based upon a draft for $6890.75 drawn by the State Bank upon the Continental Illinois Bank and Trust Company of Chicago in favor of the National Bank. The draft was issued for the balance due the National Bank for clearings between it and the State Bank as of March 2, 1933. The receiver of the State Bank filed his motion to strike the petition for a preferred claim on the ground that section 13 above referred to was unconstitutional. The pref-

erence was denied, the claim was allowed as a common claim, and the court found the section invalid because it is in conflict with the *pro rata* distribution provision requirement enacted by Congress and with the decisions of the United States Supreme Court, since the section attempts to control the distribution of the assets of insolvent National banks. The court also found that from the title and the definitions contained in the act itself it is apparent that the legislature intended it to apply to both State and National banks, and that the legislature would not have passed the act if it had realized that it could not so operate; that the various provisions of the act are so connected and dependent upon each other that it cannot be presumed that the legislature would have enacted section 13 to secure its objects as against receivers of State banks if they could not be obtained as against receivers of National banks.

The parties presented an agreed statement of facts, and have stipulated that if section 13 is constitutional the appellant is entitled to a preferred claim.

The appellant's first contention is, that William L. O'Connell, as receiver of the State Bank, did not have the requisite interest or belong to the class of persons entitled to question the constitutionality of section 13 of the statute in question. The appellant admits that he does not question the right of the receiver to sue and defend, but limits his contention to the assertion that the only person who could question the constitutionality of section 13 is a National bank receiver. He says that the statute has been held constitutional against receivers of State banks, and that this also prevents the receiver here raising the constitutional question. However, the appellant admits that the question of separability of valid parts or sections of a statute from invalid parts or sections is bound up with the question as to who has the right to challenge its validity.

It is true that courts do not entertain objections to the constitutionality of an act unless the objection is made

by one whose rights have been in some way. affected, but a receiver is entitled to a consideration of the questions which affect the validity of the act as a whole. (*People* v. *McBride,* 234 Ill. 146, 166; *Public Utilities Com.* v. *Chicago and West Towns Railway Co.* 275 id. 555, 572; *People* v. *O'Brien,* 273 id. 485, 488.) In passing upon the validity of statutes it is a rule that where a part of a statute is unconstitutional that fact does not authorize courts to declare the remainder void unless all the provisions are connected in subject matter, depending on each other, operating together for the same purpose, or are otherwise so connected in meaning that it cannot be presumed the legislature would have passed the one without the other. (*People* v. *O'Brien,* 273 Ill. 485, 488.) The constitutional and unconstitutional provisions may sometimes be contained in the same section, but do not necessarily fall together unless they "are essentially and inseparably connected in substance." (*Chicago, Burlington and Quincy Railroad Co.* v. *Jones,* 149 Ill. 361, 387.) It follows that whether the receiver of the State Bank could urge the unconstitutionality of section 13 depends on whether his objections affect the entire act. It is his contention that when the objectionable ·part of the section is removed the remainder of the act would be such that the legislature would not have passed it, and so the entire act is void. The question of the validity of section 13 and the right of the receiver to question the validity of the section are bound up together, and we hold that the receiver is a proper person to present the constitutional question.

The constitutionality of this act was questioned in *Mc-Queen* v. *Randall,* 353 Ill. 231, where we held that it was not invalid and did not constitute an attempt to amend the Banking act without such amendment being submitted to a vote of the people. In *People* v. *Dennhardt,* 354 Ill. 450, we again held that it did not constitute an amendment to the Banking act, and further, that it was not a local or

special law. Neither of the two cases presented the question raised here, but in view of the holdings in *Davis* v. *Elmira Savings Bank,* 161 U. S. 75, *Cook County Nat. Bank* v. *United States,* 107 id. 445, *Old Companies Lehigh, Inc.* v. *Meeker,* 71 Fed. (2d) 280, and *Jennings* v. *United States Fidelity and Guaranty Co.* 71 id. (2d) 618, and the Federal statute which requires ratable distribution of the assets of insolvent National banks, (U. S. C. A. title 12, Banks and Banking, sec. 194,) the legislature was without authority to attempt to control such distribution by providing for a preference in claims against National banks. And this is admitted by the appellant and the appellee. There remains, therefore, the single question, which is, Is this provision so related to and bound up with the subject matter of the act that without it the legislature would certainly not have passed the statute?

It is argued that this is a relief measure, designed to prevent the closing of banks by permitting them to draw drafts and checks instead of paying in cash items presented by agent collecting banks. While this may have been one purpose, it is equally evident that another purpose was to change the law which required actual presentment of items at the counter of a drawee bank for cash if liability for negligence was to be avoided by the collecting bank. It is apparent from a reading of the statute that certain rights formerly belonging to owners of such items were taken away and that in their stead these owners were to have a preference over common creditors under the circumstances and facts set out in the act. Without passing upon the question as to whether the rights formerly held by a payee in a draft or check issued by or drawn upon a National bank would be destroyed by this act in view of the fact that he does not have a preferred claim, since the legislature has no control over distribution of National bank assets, certainly the legislature had no intention to create a situation where the rights of owners of commercial paper

depend upon whether it is payable by or at a State or a National bank.

This statute comprises one entire scheme or design. The rights taken away are compensated for by the preference attempted to be created in section 13 against the receivers of all insolvent banks. Similar statutes have been adopted by many other States. In discussing the effect of the invalidity of parts of a statute, we said in *Chicago Motor Club* v. *Kinney,* 329 Ill. 120, 134: "Where the different objects of an act are so dependent upon or so mutually connected with each other in meaning or as conditions, considerations or compensations for each other that it cannot be presumed the legislature would have enacted the provisions designed to secure one of the objects without the provisions for the other, the invalidity of the latter renders the whole act void.—*People* v. *Martin,* 178 Ill. 611; *Springfield Gas and Electric Co.* v. *City of Springfield,* 292 id. 236; *Connolly* v. *Union Sewer Pipe Co.* 184 U. S. 540, 22 Sup. Ct. 431; Cooley on Const. Lim. (7th ed.) p. 246."

While it is true that a statute is presumed to be valid and that a construction will be adopted which would preserve the act rather than to adopt one which would render it invalid, if we resolve all doubts in favor of the validity of the act in question, still, with the invalid part of section 13 eliminated, it is not the act the legislature passed or intended to pass, and the act under review is void. *Winter* v. *Barrett,* 352 Ill. 441, 476.

For the reasons stated the decree of the circuit court of Stephenson county is affirmed.  *Decree affirmed.*

Mr. Justice Shaw took no part in this decision.