(No. 26104.—

THE PEOPLE *ex rel.* City of Highland Park, Appellant, *vs.* GEORGE B. MCKIBBIN, Director of Finance, Appellee.

*Opinion filed September 21, 1942—Rehearing denied Nov. 10, 1942.*

BENJ. F. J. ODELL, and ROBERT THORSEN, for appellant.

GEORGE F. BARRETT, Attorney General, (ALBERT E. HALLETT, of counsel,) for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellant, city of Highland Park, filed in the circuit court of Cook county its petition for *mandamus* directed against A. M. Carter, then Director of Finance of the State, seeking to compel the Director to furnish appellant with a credit memorandum under section 6 of the Public Utility Tax Act of 1935, (Laws of 1935, p. 1197.) The tax paid under that act prior to the date the act was declared invalid, amounted to $4796.97. Appellant alleges in its petition that this tax was paid through a mistake of fact or error of law. The circuit court sustained appellee's motion to strike and, appellant standing on its petition, the same was dismissed. The cause comes to this court on direct appeal since the revenue and the validity of a statute are involved.

Appellant was engaged in the business of furnishing and selling water for domestic and commercial consumption within the meaning of the Public Utility Tax Act of 1935, section 2 of which imposed a three per cent tax on sales of water, gas or electricity. That act was declared invalid by this court in *City of Chicago* v. *Ames,* 365 Ill. 529. Thereafter appellant made demand on the Department of Finance for a cash refund or credit memorandum pursuant to section 6 of that act, which demand was refused. By its petition here it seeks a credit memorandum under that section of the 1935 act. It is also alleged here that the tax under that act was paid under protest.

Its principal contentions are that section 6, known as the refund section of the act of 1935, was not held to be invalid and did not fall with the rest of the act by the decision of this court holding that the taxing clause of the act is unconstitutional, and that since this is so and section 6 was re-enacted in substantially the same language in the Public Utility Tax Act of 1937, appellant is entitled to receive the credit memorandum sought.

Section 6 of the Public Utility Tax act of 1935 provided: "If it shall appear that an amount of tax, penalty or interest has been paid which was not due under the provisions of this act, whether as the result of a mistake of fact or an error of law, then such amount shall be credited against any tax due, or to become due, under this act from the public utility which made the erroneous payment, or such amount shall be refunded to such public utility by the department." In the *Ames case* the act of 1935 was invalid on the ground that there existed no reasonable basis for the classification exempting the payment of tax on sales of water furnished for industrial uses while imposing it upon other sales of water. In that case the tax was paid under protest and an injunction was sought to prevent turning the taxes over to the State Treasurer.

In this case appellant argues that it paid, under protest, the taxes for which it now seeks a credit memorandum. No allegations of fact appear in the petition to support this contention. Its petition, after setting out the provisions of the act of 1935 applicable to it, alleges that the Department of Finance, pursuant to authority contained in the act, ordered appellant to pay, and that it did pay, the tax each month from July, 1935, until January 31, 1937, when, by reason of the decision of this court in the *Ames case,* it discontinued paying the tax. Section 7 of article IX of the constitution of 1870 provides that all taxes levied for State purposes shall be paid into the State treasury. The State Government statute (Ill. Rev. Stat. 1939, chap. 127,

par. 171,) requires that each department collecting money on behalf of the State, pay the same into the State treasury not later than the day next after its collection, disregarding holidays and Sundays. Paragraph 172 of that statute provides the means whereby a taxpayer may, by notice to the State Treasurer, make payments under protest, in which event the money shall be kept in the protest fund for thirty days, during which interim an injunction or restraining order may be sought, and the validity of the tax tested, in which event the fund is to be held until the final order of the court. It does not appear from appellant's petition that this method was followed or that an injunction was sought. So far as shown by the record the taxes were paid voluntarily and turned into the State treasury. Appellant's contention that it is entitled to this credit memorandum because the tax was paid under protest cannot be sustained, and unless appellant's petition points to a valid statute authorizing the repayment of the tax or the issuance of a credit memorandum in lieu thereof, appellant cannot recover, no matter how meritorious its claim. *Peoples Store of Roseland* v. *McKibbin,* 379 Ill. 148; *People ex rel. Sweitzer* v. *Orrington Co.* 360 id. 289; *LeFevre* v. *County of Lee,* 353 id. 30.

Appellant contends that section 6 of the 1935 act was not repealed by the 1937 act but the latter act preserved the right to a credit memorandum provided in the 1935 act. Its counsel argue that section 6 of that act was not declared invalid in the *Ames case* or any other case, but on the other hand an identical section 6 of the Retailers' Occupation Tax Act of 1939 was sustained against attack on constitutional ground. Appellant's counsel cite in support of their contention in this behalf, *People ex rel. Swartchild & Co.* v. *Carter,* 376 Ill. 590. In that case the aforesaid 1939 act, only, was involved. Section 6 thereof was sustained. The fact, however, that section 6 of that act was sustained as valid does not aid in appellant's contention that

an identical section in the 1935 Public Utility Tax Act did not fall with the balance of the act, which in the *Ames case* was held invalid. Where the sections of an act are independent of each other, the valid sections may be permitted to stand though invalid sections fall, but where a portion of an act is valid and a portion invalid, and the court cannot say that the General Assembly would have passed the act with the invalid portions eliminated, the entire act must be held invalid. (*People ex rel. Barrett v. Union Bank and Trust Co.* 362 Ill. 164; *Springfield Gas and Electric Co. v. City of Springfield*, 292 id. 236; *People v. McBride*, 234 id. 146.) It can scarcely be said that the General Assembly would have passed the 1935 act eliminating the taxing sections which this court found in the *Ames case* to be invalid. It follows that the entire act of 1935, including section 6 thereof, was invalid, and in this case, where appellant seeks a credit memorandum for the taxes paid under the invalid act of 1935, the fact that section 6 of the Retailers' Occupation Tax Act of 1939 was sustained in the *Swartchild case* cannot affect that section in the Public Utility Tax Act of 1935, so far as appellant's claim is concerned, since that provision fell with the rest of the act when the taxing section was declared unconstitutional.

Appellee argues that the holding by this court in the *Ames case* precludes any right in appellant, based on or imposed by the act of 1935, and such right must, if it exists at all, be based upon some presently existing statutory remedy.

In the act of 1937 a tax on sales of water by such as appellant was eliminated, and as section 6 of the act of 1937 provides that credit shall be limited to and applied against taxes due or to become due "under this act," and no such tax is levied under the 1937 act, it is clear that the 1937 act in no way affected or continued in existence section 6 of the act of 1935. Section 6 of the act of 1935 was a

remedial section providing for a credit against taxes to become due "under this act." No tax was due or could become due under the invalid act of 1935, and while it cannot be doubted that the State received money under that act that was not due it, appellant has not pursued the remedy set out in the statute to recover for invalid taxes paid under protest. It seems clear that it may not recover under section 6 of the act of 1935. Had the General Assembly intended that the State should reimburse those who paid the tax under the invalid 1935 act, it could have done so by appropriate legislation. Failing so to do, this court cannot place a construction upon the act which its language will not permit.

As appellant does not, by its petition, set out a valid statute authorizing the issuance of a credit memorandum for taxes erroneously paid, the judgment of the circuit court dismissing its petition is right and is affirmed.

*Judgment affirmed.*