(No. 4511— )

BARON-HUOT OIL COMPANY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed October 10, 1952.*

GRANGER, BECKERS AND SNOW, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Baron-Huot Oil Company, a Corporation, seeks to recover the sum of $459.90, which it claims it erroneously paid as inspection fees under the Oil Inspection Act. Ill. Rev. Stat., 1951, Chap. 104, Secs. 1-18.

Claimant is a jobber of petroleum products at Kankakee, Illinois, and deals in gasoline, kerosene, range oil and fuel oil. During the period from April, 1950 through January, 1952, as required by said Act,

claimant filed returns with the Department of Revenue, and paid the inspection fee of .0003 cents per gallon on all gasoline and kerosene received by it. Its auditor, however, during such period, in making up the tax return, included range oil and fuel oil gallonage amounting to 1,532,991 gallons within the kerosene gallonage.

The auditor during such period testified that he learned of the fact that no inspection fees were due on range oil and fuel oil early in 1952, and this action for refund, therefore, resulted.

We will not decide whether the range oil or fuel oil involved in this case was a motor fuel within the meaning of the Oil Inspection Act, and the rules and regulations of the Department of Revenue issued pursuant thereto.

However, claimant cannot prevail in this case, because it failed to comply with Ill. Rev. Stat., 1949, Chap. 127, Secs. 172 and 172a, which require any person paying money to the State, with some exceptions not pertinent here, to pay same under protest, and then to proceed in chancery, and obtain a temporary injunction within 30 days of such protest payment. If a payor fails to proceed in accordance with this statute, payments become a part of the general revenue funds of the State. *Peo. ex rel City of Highland Park* vs. *McKibbin*, 380 Ill. 447.

This Court has held that a failure to pursue this remedy, even when the tax or fee statute involved was later held unconstitutional, acts as an absolute bar to any recovery in this Court. *Farm Bureau Oil Co., Inc.*, vs. *State*, 14 C.C.R. 153, and see decisions cited therein.

We see nothing in the record herein, which would warrant any departure from the above rule, which has been uniformly followed in this Court.

346

The claim of Baron-Huot Oil Company, a Corporation, must be, and hereby is denied.