(No. 4629— )

New Hampshire Fire Insurance Company, A Corporation; and Granite State Fire Insurance Company, A Corporation, Claimants, *vs.* State of Illinois, Respondent.

*Opinion filed November 9, 1954.*

Arrington and Healy, Attorneys for Claimants.

Latham Castle, Attorney General; Marion G. Tiernan, Assistant Attorney General, for Respondent.

Fearer, J.

On June 4, 1954, a complaint was filed in this Court. It consisted of two separate counts, and sought an award to reimburse claimants for certain overpayments of privilege tax imposed under the provisions of the Illinois Insurance Code (Chap. 73, Sec. 409 (1), Par. 1021 (1), Ill. Rev. Stats.).

Respondent has filed a motion to strike and dismiss claimants' complaint, and briefs have been filed thereon.

Under the provisions of the Illinois Insurance Code, a privilege tax for the year 1952 was assessed against each of the claimants for the privilege of doing business in the State of Illinois. The tax was computed by applying the tax rate of 2% to the amount of net taxable premiums received by each of the claimants from the sale of fire insurance in the State of Illinois.

Under the provisions of Sec. 409 (2) of the Illinois Insurance Code (Chap. 73, Par. 1021 (2), Ill. Rev. Stats.) claimants were authorized to deduct from the amount of their respective premium privilege taxes all sums paid to municipalities for the benefit of organized fire departments under the provisions of Art. 38, Sec. 1

of the Cities and Villages Act (Chap. 24, Par. 38-1, Ill. Rev. Stats.).

Claimant, New Hampshire Fire Insurance Company, by reason of a clerical error inadvertently failed to include or report as such a deduction on its 1952 privilege tax statement a payment in the amount of $2,728.91 made to the City of Chicago under the provisions of the Cities and Villages Act, hereinabove referred to, and Chap. 131-2 of the Municipal Code of Chicago.

Claimant, Granite State Fire Insurance Company, by reason of a clerical error inadvertently failed to include or report as such a deduction on its 1952 privilege tax statement a payment in the amount of $743.11 made to the City of Chicago under the aforesaid provisions of the Cities and Villages Act and Municipal Code of Chicago.

There is no question but what claimants mistakenly computed, and paid to the Department of Insurance such privilege taxes. They are now seeking a refund of the overpayments made in the amounts hereinbefore specified, or credit memorandums, which might be used in payment of privilege taxes assessed in the future.

Exhibits have been attached to the complaint setting forth in detail the clerical error referred to, and the amount of the refund that both claimants contend they are entitled to recover from respondent.

This Court had occasion to pass upon the same question in the case of *Bankers and Shippers Insurance Company of New York,* Claimant, vs. *State of Illinois,* Respondent, No. 4559, opinion filed May 11, 1954, in which an award was denied for overpayment of privilege taxes. The Court, in its opinion, stated that it found no statute covering overpayments voluntarily made to respondent, and that no authorities were cited, nor could

they find any authority authorizing this Court to refund taxes voluntarily paid under a mistake of fact.

The Court's jurisdiction is limited as set forth in Chap. 37, Sec. 439.8, Ill. Rev. Stats. By an amendment to the Court of Claims Act in 1945 this Court no longer has jurisdiction of questions of equity and good conscience, which seems to be the basis for former decisions cited in this case, all of which were prior to the last amendment to the Court of Claims Act.

Respondent's motion to strike and dismiss the complaint was predicated upon the insufficiency of the allegations to state a cause of action. Paragraph one of the motion sets forth the assessment and voluntary payment of the privilege taxes by claimants for the year commencing July 1, 1952, and further sets forth that claimants did not pursue their remedy, as provided by the protest statute, namely, Chap. 127, Par. 172, 1951 Ill. Rev. Stats., which respondent contends is a bar to the present action under the decision of this Court in the case of *Great American Insurance Company* vs. *State of Illinois,* 19 C.C.R. 91.

Paragraph two of the motion sets forth the section of the statute in regard to the computation and payment of privilege taxes to the Department of Insurance of the State of Illinois.

It is contended in paragraph 3 that, in failing to compute said tax deductions properly, claimants made a voluntary overpayment, and in this regard refers to this Court's opinion in the case of *Bankers and Shippers Insurance Company of New York* vs. *State of Illinois,* No. 4559, opinion filed May 11, 1954.

Counsel for claimants in their brief call this Court's attention to points and authorities, and discuss them separately. In point A reference is made to the ''protest

statute'', and the case cited by respondent, *Great American Insurance Company* vs. *State of Illinois,* 19 C.C.R. 91. It is claimants' contention that the factual situation and theory of recovery were completely different from the case at bar, and, furthermore, that the rules of law applied to the reasoning of the Court in reaching its decision in that case are wholly inapplicable to the present case. We do not believe it necessary to discuss at length claimants' contention and comparison between their claims and the claim of *Great American Insurance Company,* wherein the Court denied the award for the reason that the *Great American Insurance Company* did not follow the ''protest statute'', and for other reasons not germane to the present case. However, voluntary payments were made in the present case, and also in the *Great American Insurance Company* case to the Department of Insurance, and the funds were transmitted immediately to the State Treasurer.

In the present case claimants' counsel strenuously contend that, since their mistake was a mistake of fact or clerical error, as distinguished from a mistake at law, the ''protest statute'' was not available to them, and does not afford a remedy to taxpayers, who overpay their taxes through clerical errors.

There is no question in our minds but that the overpayment was the result of a mistake of fact, which resulted from a clerical error.

Secondly, claimants' comment pertains to their rights to deduct from their privilege taxes payments made to Cities and Villages for the benefit of organized fire departments, and contend that their failure to deduct said payments in no way renders their complaint insufficient in law.

Under paragraph c of the brief and argument in answer to respondent's motion, claimants comment on this Court's opinion in *Bankers and Shippers Insurance Company of New York* vs. *State of Illinois,* No. 4559, which was cited by respondent in its motion, and assert that this Court was not properly advised as to the law, when that decision was handed down. In particular, they quote from the opinion, as follows:

"There is no statute covering overpayments voluntarily made to respondent, and no authorities have been cited, nor can we find any authorities authorizing the Court to refund taxes voluntarily paid.

For the reasons assigned, an award to claimant must be, and is hereby denied."

In their brief claimants contend that this Court was misled, and inadvertently denied an award to *Bankers and Shippers Insurance Company of New York.*

Further reference is made in the brief to the general rule propounded and followed by this Court, and other courts of this state, wherein the general rule is quoted as being that, in the absence of a statute, a tax which is paid voluntarily, and not under duress or compulsion, cannot be recovered. *Firemen's Insurance Company of Newark, New Jersey* vs. *State,* 2 C.C.R. 220 (1914); *People ex rel Eitel* vs. *Lindheimer,* 371 Ill. 367; *People ex rel City of Highland Park,* 380 Ill. 447. Claimants follow by stating the exception to the rule, the overpayment of taxes being recoverable when the overpayment is made by a mistake of fact. *Firemen's Insurance Company of Newark, New Jersey* vs. *State* (supra); *Importers and Exporters Insurance Company of New York* vs. *State,* 5 C.C.R. 1 (1914); *W. S. Hennessey Company* vs. *State,* 9 C.C.R. 150 (1936). They then claim that the present case comes within the exception to the general rule.

Claimants go to great length in citing in their brief a long line of decisions of this Court regarding overpayment of taxes through mistake of fact, and also cite cases on excessive payments of registration fees, license fees, franchise taxes, and other assessments by the state.

The following cases are ones in which a tax or fee was overpaid through clerical error or mistake, and in each case an award was granted the claimant on the theory that such an overpayment was recoverable, because it was made through a mistake of fact:

> Moorman Manufacturing Co. vs. State, 8 C.C.R. 106
> Hill vs. State, 8 C.C.R. 174
> Lake Street Memorial Park vs. State, 8 C.C.R. 190
> Rossia Insurance Co. of America vs. State, 8 C.C.R. 203 (1934)
> St. Louis Cotton Compress Co. vs. State, 8 C.C.R. 209 (1934)
> Monaster and Bros. vs. State, 8 C.C.R. 533
> Aluminum Oar Company vs. State, 9 C.C.R. 232 (1936)

In fact, all of the Court of Claims cases cited were decided prior to the amendment to the Act in 1945. By the amendment, our right to decide cases on questions of equity and good conscience was eliminated, and it would require an act of the Legislature to permit this Court to enter or make an award to claimants, who have voluntarily made overpayments of taxes, fees, licenses or fines through a clerical error, or any other mistake of fact. In this regard, we wish to reiterate, as was pointed out in our opinion in the *Bankers and Shippers Insurance Company* case, that, in the absence of a statute covering overpayments voluntarily made through clerical error, or otherwise, covering taxes, fees, licenses, fines, etc., all claims of this kind will have to be denied.

Claimants argue at great length, and seem to be relying materially on the case of *Eureka-Maryland Assur-*

*ance Corporation* vs. *State,* 12 C.C.R. 418, wherein the state filed a motion to strike, which was overruled. The case proceeded to trial. A supplemental opinion appears on pages 422-425, wherein an award was made to claimant in 1943 for an overpayment under a reciprocal agreement with the State of Maryland for the collection of fees of foreign insurance companies doing business in both states. At the time the fee was paid, both states had a $300.00 license fee. The claimant, *Eureka-Maryland Assurance Corporation,* paid, prior to the due date, a $300.00 fee. Prior to July first, and at the time the fee was due, the State of Maryland had changed its law reducing the fees to $10.00. The claimant filed its claim in the Court of Claims seeking to recover the difference, or $290.00. The money in that case was transferred before it was due to the State Treasurer.

From page 421 of the opinion, we quote:

"The Court will grant the tax was voluntarily paid, but not with full knowledge of the facts, as claimant was not in a position to know that the State of Maryland would change its law prior to the beginning of the tax period, or July 1st. A case of this kind is entirely different than one where a yearly franchise fee is paid, and, subsequent to the beginning of the period in question, the fee is raised or lowered by statute, or where an assessment is made, and remedies are provided for the taxpayer to protest against his assessment.

This Court has repeatedly decided that there must be some basis in law or equity on which to base its award, rather than on the broad principle of equity and good conscience.

The Court is of the opinion that, where a franchise fee is paid before it is due, and is subsequently reduced before it is legally due and payable, a refund for the excess payment should be made to the taxpayer."

On page 420 of the opinion, the Court said:

"Often the courts are powerless to give relief, even though the claim is equitable, because of the absence of statutory authority."

From the supplemental opinion appearing on page 423, we quote:

"This Court has, however, been consistent in holding that, where taxes are paid under a mistake of fact, the same are recoverable."

The Court in that case, even though there was no statutory authority, entered an award based purely upon equity and good conscience, even though they were of the opinion that there should be some basis for entering an award other than for equity and good conscience. However, the Court was perfectly justified in that case to make such an award by reason of the overpayment by mistake of fact, because the Court had the right at that time to decide cases on such questions in the absence of statutory authority.

A dissenting opinion appears on page 425, citing cases, and contains this statement:

"The law is well settled that a tax voluntarily paid cannot be recovered in the absence of a statute authorizing such recovery. * * * Furthermore, this Court has held in a long line of decisions that an award cannot be made solely on the basis of equity and good conscience, and can be made by this Court only where claimant would be entitled to redress against the state, either at law or in equity, if the state were suable."

After reviewing all of the cases cited, particularly those prior to 1945, and finding no cases or authority subsequent to the amendment to our present Act, and in the absence of any statutory authority covering overpayments for fees, licenses, taxes, etc., made by mistake of fact, for that reason, and for other reasons assigned herein, and based upon our decisions in cases cited, and other decisions cited similar to the question before the Court since the Act was amended in 1945, an award to claimants must be, and hereby is denied.