(No. 38099.—

PERRY J. SNYDERMAN *et al.*, Appellants, *vs.* THEODORE J. ISAACS, Director of Revenue, Appellee.

*Opinion filed May 20, 1964.—Rehearing denied September 25, 1964.*

MICHAEL M. PHILLIPS, of Chicago, for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES and EDWARD A. BERMAN, Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In 1961 the Retailers' Occupation Tax Act and the Use Tax Act were amended to apply to the rental of personal property and the use of rented personal property. In *International Business Machines Corp.* v. *Department of Revenue,* 25 Ill.2d 503, these amendments were held invalid because they violated section 13 of article IV of the constitution. In the present case the circuit court of Cook County dismissed upon motion the complaint of a lessee who sought to obtain credit for the amount of tax that he paid under the invalid amendments, and the plaintiff has appealed directly to this court. The revenue is involved. *Agricultural Transportation Ass'n* v. *Carpentier, 2* Ill.2d 19.

The complaint alleges that on an unspecified date during the period that the invalid tax was being collected, the plaintiff, Perry J. Snyderman, rented a motor vehicle and was billed "a leasing tax in addition to the rental charge. Plaintiff paid said leasing tax and bore the burden thereof." The amount that he paid and seeks to recover is not stated. The complaint asserts that the action is brought on behalf of the plaintiff and those similarly situated, to compel the defendant, as Director of Revenue, to issue credit memoranda or refund certificates as reimbursement for taxes paid under the invalid amendments. It is alleged that the statutory "remedy by way of claim is questionable and is neither as practical, plain, complete nor as reasonable in expense" as the alternative methods of affording equitable relief proposed by the plaintiff in his complaint.

By way of relief the plaintiff asked that the court order the Director of Revenue to identify the members of the class that the plaintiff seeks to represent through an exami-

nation of the books and records of the retailers of Illinois, and to prepare, execute and deliver, to a trustee to be named by the court, credit memoranda or refund certificates in the amounts found due. Alternatively, the complaint prayed that the defendant be required to identify only the lessors who remitted the tax to the Department, and that the trustee be directed to ascertain the members of the class. The plaintiff also asked that the trustee be directed to disburse the appropriate sums to members of the class "after deducting the reasonable costs and expenses of this litigation  *  *  *, including reasonable Attorney's fees."

The principal issues presented to this court are whether under the facts alleged a lessee may maintain an action directly against the Director of Revenue to recover tax payments made through his lessor, whether a class action is proper, and whether the lessors are necessary parties.

As to the first of these issues, both parties agree that "in the absence of an authoritative statute, taxes voluntarily, though erroneously, paid, cannot be recovered", (*People ex rel. Eitel* v. *Lindheimer,* 371 Ill. 367, 371) and that this rule applies to relief in the form of either cash (*LeFevre* v. *County of Lee,* 353 Ill. 30) or credit. (*People ex rel. City of Highland Park* v. *McKibbin,* 380 Ill. 447.) The complaint does not allege payment under protest, and it contains no factual allegations to support a theory of legal duress. The plaintiff argues that payments of the tax should be deemed to have been involuntary because the lessors would have been subject to statutory penalties if they had failed to remit, and because the amount paid by each lessee was too small to warrant resistance to the imposition of the tax. But penalty provisions are common to most taxing statutes, and frequently the sum paid by the taxpayer is small. Without more, neither the existence of a penalty clause, (*Standard Oil Co.* v. *Bollinger,* 348 Ill. 82, 91) nor the nominal character of the tax, (*cf. Richardson Lubricating Co.* v. *Kinney,* 337 Ill. 122) is sufficient to render pay-

ment involuntary. If the plaintiff is to prevail, therefore, authority for allowing recovery of his voluntary payment must be found in the refund provisions of the statutes.

The pattern of the taxing statutes contemplated that in the usual case the lessee would not himself remit the tax directly to the State, but would instead pay the amount of the tax to his lessor as use tax, and the lessor would remit the money to the State as retailers' occupation tax. (*Crane Construction Co.* v. *Symons Clamp & Mfg. Co.* 25 Ill.2d 521.) The refund of a tax erroneously paid in such an indirect manner carries with it obvious possibilities of unjust enrichment, and the statutory procedures by which a refund or credit may be obtained show a legislative awareness of those possibilities.

The Retailers' Occupation Tax Act provides that where taxes have been paid as the result of a mistake of fact or an error of law "the Department shall issue a credit memorandum to the person who made the erroneous payment * * * provided * * * that no credit shall be allowed for any amount paid by or collected from any claimant unless it shall appear (a) that the claimant bore the burden of such amount and has not been relieved thereof nor reimbursed therefor and has not shifted such burden directly or indirectly through inclusion of such amount in the price of the tangible personal property sold by him or in any manner whatsoever; * * * or (b) that he or his legal representative has repaid unconditionally such amount to his vendee (1) who bore the burden thereof and has not shifted each burden directly or indirectly, in any manner whatsoever; (2) who, if he has shifted such burden, has repaid unconditionally such amount to his own vendee; and (3) who is not entitled to receive any reimbursement therefor from any other source than from his vendor, nor to be relieved of such burden in any manner whatsoever." Ill. Rev. Stat. 1961, chap. 120, par. 445.

The Use Tax Act contains a similar provision. It au-

thorizes a claim for credit by a purchaser in those cases in which the purchaser has himself remitted the tax to the Department, and provides further: "If it shall appear that an amount of tax has been paid in error hereunder by the purchaser to a retailer, who retained such tax as reimbursement for his tax liability on the same sale under the Retailers' Occupation Tax Act, and who remitted the amount involved to the Department  *  *  *  the procedure for recovering such tax shall be that prescribed in  *  *  *  the Retailers' Occupation Tax Act." Ill. Rev. Stat. 1961, chap. 120, par. 439.19.

In these provisions there is recognition of the possibility that the state may be unjustly enriched through the retention of taxes erroneously paid, and a remedy has been provided. There is recognition also that a refund procedure without safeguards might result in refunds of taxes that had not actually been remitted, or in the unjust enrichment of persons who had not themselves paid the tax, but had passed its burden on to another. To protect the real taxpayer and to prevent unjust enrichment of any other party, the legislature has provided both in the Use Tax Act and in the Retailers' Occupation Tax Act that the only person entitled to receive credit is the remitter of the tax. And it has also required that where the remitter has not himself borne the burden of the tax, he must directly or indirectly reimburse the actual taxpayer before filing his claim with the Department. Ill. Rev. Stat. 1961, chap. 120, pars. 439.19, 445.

In this case the complaint makes it clear that the lessee-plaintiff did not remit the tax, and such a lessee has no statutory right to recover taxes remitted by his lessor. That conclusion necessarily makes applicable the general rule that without legislative authorization voluntary tax payments can not be recovered. *People ex rel. City of Highland Park* v. *McKibbin,* 380 Ill. 447; *People ex rel. Eitel* v. *Lindheimer,* 371 Ill. 367; *Burley* v. *Lindheimer,* 367 Ill. 425.

It is therefore unnecessary to consider the propriety of

a class action, (see *Peoples Store of Roseland* v. *McKibbin,* 379 Ill. 148,) or the necessity of joining additional parties. It should be pointed out that neither in this case nor in *Crane Construction Co.* v. *Symons Clamp & Mfg. Co.* 25 Ill.2d 521, did either of the parties refer to those provisions of the governing statutes which state, "Claims for credit hereunder must be filed with and initially determined by the Department, the remedy herein provided being exclusive; and no court shall have jurisdiction to determine the merits of any claim except upon review as provided herein." Ill. Rev. Stat. 1961, chap. 120, pars. 439.20, 445c.

The decree of the circuit court of Cook County is affirmed.

*Decree affirmèd.*