(No. 43662.—

RICHARD W. KRAJCIR, d/b/a SPAULDING COURT APARTMENTS, Appellee, v. HERBERTO RIVERA, Appellant.

*Opinion filed November 24, 1971.*

THOMAS GRIPPANDO, of Chicago, (DALE SMIRLE, of counsel,) for appellant.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiff, Richard W. Krajcir, d/b/a Spaulding Court Apartments, brought this action in the circuit court of Cook County against Herberto Rivera. In his complaint the plaintiff alleged that he is entitled to possession of a specified apartment in the city of Chicago, that the defendant wrongfully withholds possession and that "there is due to plaintiff from the defendant for rent of or for damages for withholding possession the sum of $205.12." The court found the defendant guilty of unlawfully withholding possession of the premises, entered judgment on the finding, and directed the issuance of a writ of restitution, but stayed its execution for 20 days. The court also entered judgment for the plaintiff in the sum of $160.

The defendant has appealed directly to this court, asserting that "State and Federal Constitutional issues of great importance arise in this appeal." The propositions asserted by the defendant in this court are: "I. The court in refusing to consider defendant's affirmative defenses deprived the defendant of due process and denied her [sic] the equal protection of the law." "II. The obligation to tender full rent under a lease must be considered interdependent with a landlord's obligation to maintain and repair the premises. A. The landlord is liable for both expressed and implied warranties. B. The position taken by

appellant with regard to bilateral contract is not in conflict with the Jack Spring decision." "III. A lease agreement to rent premises for habitation which violates the housing code is illegal and unenforceable." "IV. To allow the recovery on a lease in the face of the landlord's failure to maintain the premises contrary to principles of equity." "V. The defendant was constructively evicted by the plaintiff's failure to maintain the premises."

These are indeed significant issues, but they do not arise upon this record. The report of proceedings at the trial, submitted by the defendant and approved by the trial judge, contains only this in response to the court's question: "Does the defendant have any defense to this charge?" "The defendant, your honor, will allege that the landlord arbitrarily increased the rent on two successive months without improving the poor living conditions of the apartment. The defendant, thus, will use the grounds of poor building standards and discrimination." The plaintiff's objection "to the admission of this defense" was sustained, and the defendant answered in the affirmative the court's question, "Is that your only defense?"

The case presented to the trial judge did not involve any of the issues that are argued in this court, and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*