(No. 43697.—

S.A.S. COMPANY, Appellant, v. EDMUND J. KUCHAR-SKI, County Treasurer, Appellee.

*Opinion filed November 30, 1972.*

COHON, RAIZES & REGAL, of Chicago (MAURICE P. RAIZES and RONALD S. COPE, of counsel), for appellant.

EDWARD V. HANRAHAN, State's Attorney, of Chicago (VINCENT BENTIVENGA, JAMES A. ROONEY and FREDRIC B. WEINSTEIN, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

The Medical Center Commission filed a petition to condemn property commonly known as 2114 West Flournoy Street, Chicago, on June 16, 1967, and in said proceedings compensation was fixed at $6,500. The award was deposited with defendant, County Treasurer, on December 21, 1967. Plaintiff S.A.S. Company acquired all rights in the property by a tax deed on January 25, 1968. Thereafter, at its request and pursuant to court order, plaintiff received the proceeds of the award deposited with the County Treasurer, less the taxes for the year 1967 prorated as of December 21, 1967 (the date of deposit of the condemnation award). This proration was made

pursuant to section 27a of the Revenue Act of 1939. Ill.Rev.Stat. 1967, ch. 120, par. 508a.

Plaintiff accepted the award, less the proration, without protest, either oral or written, on May 6, 1968, and no petition or suit was filed contesting the validity of said proration.

Subsequent to the aforementioned proceedings section 27a of the Revenue Act of 1939 was declared unconstitutional in *Board of Jr. College Dist. 504 v. Carey, 43 Ill.2d 82,* and the date of proration under the Eminent Domain Act was held to be the date of the filing of the petition to condemn, applying the provisions of section 28.1 of the Revenue Act of 1939. (Ill.Rev.Stat. 1961, ch. 120, par. 509.1.) We note that in *Carey* the challenge to the proration was made by filing a petition in the circuit court prior to the distribution of the award.

In reliance upon that case the plaintiff sought a proration of the taxes paid by it as of the date of the filing of the condemnation proceedings and a refund of the surplus for itself and all similarly situated. The circuit court of Cook County summarily dismissed the complaint and plaintiff appeals.

The salient questions presented are whether the plaintiff is entitled to a refund from the county for the excess taxes paid; whether the County Treasurer is personally liable for the prorations made under color of law; and whether this is a proper class action.

Plaintiff argues that money paid as taxes based upon an unconstitutional law is recoverable, and cites *Board of Highway Commissioners v. City of Bloomington, 253 Ill. 164,* as supporting its position. The case is inappropriate. It involved an action between two governmental agencies regarding the proper distribution of monies collected as taxes. More appropriate and, we believe, dispositive of the cause before us is *Richardson Lubricating Co. v. Kinney, 337 Ill. 122.* In that case the taxes were paid under what the parties considered and accepted as a valid act. Twenty

days later, the Supreme Court held the specific act invalid. On page 129, the court held: "The only fair conclusion that can be reached from the allegations of the bill [complaint] and answer and the legitimate inferences to be drawn therefrom is that the payment was made voluntarily and not under duress. It is well settled that in the absence of fraud taxes so paid cannot be recovered, even though they are illegal because laid under an unconstitutional law, where there is no statute authorizing such recovery." See *Snyderman v. Isaacs, 31 Ill.2d 192; People ex rel. City of Highland Park v. McKibbin, 380 Ill. 447; LeFevre v. County of Lee, 353 Ill. 30.*

The plaintiff contends that the taxes paid herein were not paid voluntarily nor is any protest necessary under section 194 of the Revenue Act of 1939 where the real estate is not subject to taxation. (Ill.Rev.Stat. 1967, ch. 120, par. 675.) Conversely the defendant contends that the taxes were not paid under duress, but rather voluntarily, and that pursuant to section 14 of the Eminent Domain Act (Ill.Rev.Stat. 1967, ch. 47, par. 14) the plaintiff was afforded a plain, speedy and efficient remedy to contest the validity of the proration as was done in the *Carey* case.

The parties stipulated that there was no protest or objection made by the plaintiff to the assessment or proration accepted by them upon receipt of the condemnation award. Having accepted the award less the proration, without protest, either orally or in written form, and having failed to seek redress from the court under section 14 of the Eminent Domain Act which authorizes the court to "determine all conflicting claims," the taxes were voluntarily paid and cannot be recovered from the county.

Alternatively, the plaintiff seeks to impose personal liability upon the County Treasurer for the proration imposed upon it pursuant to section 27a which was subsequently declared to be unconstitutional. A public official does not incur personal liability in performing

ministerial functions in good faith under a statute that is subsequently declared to be unconstitutional. (*Fahey v. Town of the City of Bloomington, 268 Ill. 386; Fergus v. Brady, 277 Ill. 272.*) The plaintiff argues that in performing his function the County Treasurer was a trustee, and in order to protect himself from personal liability he was required under section 14 of the Eminent Domain Act (Ill.Rev.Stat. 1967, ch. 47, par. 14) to have the court determine the proper prorations of taxes in condemnation awards. Conversely the defendant relies upon the immunity granted by law for ministerial acts performed pursuant to existing statutes.

The County Treasurer, while performing some functions similar to trustees, is a public official governed by the applicable legislative powers and restrictions placed upon him by the General Assembly. In this case he was acting pursuant to a statute which had been in effect for several years, and we find that he was under no duty to seek a determination from the court under section 14 of the Eminent Domain Act, for said provision clearly states that it is to be utilized to "determine all conflicting claims." There was no conflicting claim herein. The plaintiff did not question the validity of the proration until section 27a was declared unconstitutional in *Carey.*

Having determined that the taxes have been voluntarily paid and thus a refund cannot be obtained from the county, and having determined that no personal liability is imposed upon the County Treasurer, we need not consider the issues and questions relating to the propriety of the asserted class action.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*