SCOA INDUSTRIES, INC., Plaintiff-Appellee, *v.* MICHAEL HOWLETT, Secretary of State, Defendant-Appellant.

(No. 59877;

First District (3rd Division)—October 16, 1975.

William J. Scott, Attorney General, of Chicago (Ann Sheldon, Assistant Attorney General, of counsel), for appellant.

Schuyler, Stough & Morris, of Chicago, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County denying defendant's motion to dismiss and for summary judgment, granting plaintiff's motion for summary judgment, and entering judgment for

plaintiff and against defendant in the sum of $8,824.09, plus interest. Defendant seeks reversal of the judgment order and contends that:

(1) the doctrine of sovereign immunity bars the action;

(2) the tax was paid voluntarily and cannot be recovered;

(3) the Illinois Court of Claims has exclusive jurisdiction;

(4) plaintiff failed to exhaust its administrative remedies; and

(5) the claim is barred by laches.

We reverse.

On March 30, 1970, plaintiff, Scoa Industries, Inc., a Delaware corporation (Scoa), filed a "tentative" annual report with defendant, Illinois Secretary of State, using the printed form provided by defendant's office. (Ill. Rev. Stat. 1969, ch. 32, par. 157.115.) In response to a question on the form plaintiff stated that it did not elect to pay a franchise tax based upon its entire stated capital and paid-in surplus. The election required answers to questions 10 through 14 to provide information designating the value of its property and gross money amount of business transacted, everywhere and only in the State of Illinois. Plaintiff printed thereon: "10—14 cannot be answered at the present time. As soon as the information is available we will forward." On June 30, 1970, plaintiff wrote a letter to defendant which contained the supplemental information. The letter was returned to plaintiff with the handwritten notation on the bottom: "Sorry, can not accept. Please execute the form enclosed." On July 9, 1970, defendant's office caused to be issued a franchise tax assessment in the sum of $8,824.09, based upon the entire stated capital and paid-in surplus listed in Scoa's "tentative" annual report. The assessment notice advised plaintiff that objection to the assessed amount could be made within 10 days, so that a hearing could be held as provided by statute, and also that the instant notice would be the only notice sent.

On July 20, 1970, plaintiff filed a supplemental annual report on the appropriate form which contained the previously omitted information in items 10 through 14. On July 20, 1970, defendant immediately sent to Scoa an assessment, designated "In re adjustment supp." based on the additional information contained in the supplemental report. Plaintiff was therein advised that $93.47 was owed and that plaintiff could, within 10 days, object to the assessment. On July 28, 1970, plaintiff paid to defendant the sum of $8,824.09, and on August 4, 1970, paid the sum of $93.47. No protest or objection was made at the time of either payment. In a letter to defendant's office, dated April 14, 1972, plaintiff requested a refund of the "erroneous payment of $8,824.09" on the "erroneous billing of July 9, 1970," and stated:

"Due to a change of personnel within the taxpayer's accounting office the erroneous bill was paid on July 28, 1970, and on August

4, 1970 the correct billing of $93.47 was also inadvertently paid by the taxpayer."

On May 18, 1973, plaintiff filed a three-count complaint in which it sought a rescission of the payment and refund of the $8,824.09, together with interest. Each count alleged *inter alia* that the payment "was made under legal duress, and through mistake, inadvertence, and oversight, and without benefit of counsel." Throughout the entire complaint plaintiff characterized the payment as erroneous.

Defendant filed a motion to dismiss the complaint, and alternatively, for summary judgment against plaintiff. Plaintiff answered and filed a cross-motion for summary judgment. Defendant's motion alleged that plaintiff's payment was voluntary, that no protest or objection was filed previously, that there are no statutory provisions allowing or providing for a refund of taxes erroneously paid, and that plaintiff's letter of August 14, 1972, clearly demonstrates that the tax was paid erroneously and not under duress. Plaintiff answered the motion by alleging that the payment constituted a mutual mistake of material fact. It was further alleged, for the first time and not in the alternative, that the tax payment was made under the threat or penalty of revocation of its certificate of authority to do business in Illinois (Ill. Rev. Stat. 1969, ch. 32, pars. 157.122(h), 157.142), and that such threat constituted duress. On August 24, 1973, the trial court denied defendant's motion, granted plaintiff's motion and entered judgment for plaintiff in the sum of $8,824.09, plus interest from the date of payment.

The Business Corporation Act (Ill. Rev. Stat. 1973, ch. 32, par. 157.1 *et seq.*) substantially provides, in pertinent part: (1) that the Secretary of State refrain from filing articles, papers, certificates, reports and the like until fees, franchise taxes and charges are paid by any corporation, and during the period of default in such payment that the corporation is prohibited from maintaining any action at law or suit in equity (par. 157.142); (2) that the Secretary of State give notice of the franchise assessed, and upon request, hear objections thereto for adjustment after a hearing, and providing that if the taxes are not paid by July 31 the Secretary certify that fact to the Attorney General who may institute action against the corporation for recovery of the tax and any penalty (par. 157.143); (3) that a foreign corporation may appeal to the circuit court, *inter alia*, any revocation of the certificate of authority by the Secretary of State (par. 157.148); and (4) that the corporate annual report shall be filed on a form furnished by the Secretary of State and shall be verified (par. 157.151).

Defendant contends that the doctrine of sovereign immunity bars the instant proceeding for monetary recovery against the State.

Section 26 of article IV of the Illinois Constitution of 1870 provided: "The state of Illinois shall never be made defendant in any court of law or equity." Section 4 of article XIII of the 1970 Illinois Constitution substituted the following: "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." The General Assembly promptly acted to retain sovereign immunity by enacting paragraph 801 of the Civil Administrative Code which became effective concurrently with the 1970 Constitution on January 1, 1972, and states: "Except as provided in 'AN ACT to create the Court of Claims, to prescribe its powers and duties, and to repeal AN ACT herein named', filed July 17, 1945, as amended, the State of Illinois shall not be made a defendant or party in any court." Ill. Rev. Stat. 1973, ch. 127, par. 801.

Section 8 of the Court of Claims Act (Ill. Rev. Stat. 1973, ch. 37, par. 439.8) in pertinent part provides:

"The court shall have *exclusive* jurisdiction to hear and determine the following matters:

(a) All claims against the State founded upon any law of the State of Illinois, or upon any regulation thereunder by an executive or administrative officer or agency, other than claims arising under the Workmen's Compensation Act or the Workmen's Occupational Diseases Act.

(b) All claims against the State founded upon any contract entered into with the State of Illinois.

\* \* \*

(d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit \* \* \*." (Emphasis added.)

■■ The State is immune from suit without its consent. (*Powers v. Telander* (1970), 129 Ill.App.2d 10, 262 N.E.2d 342.) A suit brought against an officer or agency with relation to matters in which the defendant represents the State in action and liability, even though the State is not a party to the record, is in effect a suit against the State. (*Struve v. Department of Conservation* (1973), 14 Ill.App.3d 1092, 303 N.E.2d 32.) Whether a particular action falls within the prohibition is dependent on the particular issues involved and the relief sought. (*Moline Tool Co. v. Department of Revenue* (1951), 410 Ill. 35, 101 N.E.2d 71.) Although only the Secretary of State is named as a party defendant, the instant suit in effect is against the State for the recovery of a monetary judgment payable out of State funds.

■■ Plaintiff argues that where administrative review in the circuit court is provided by statute, then sovereign immunity is not a bar to an original action against a State official. Plaintiff relies on *E. H. Swenson*

& Son, Inc. v. Lorenz (1967), 36 Ill.2d 382, 223 N.E.2d 147, in which a declaratory judgment was entered to declare illegal certain deductions by the State on account of Retailer's Occupation Taxes and Service Occupation Taxes from payments due plaintiffs on certain State contracts. Plaintiff also relies on *Struve*, in which, although declaratory judgment was sought to determine whether a park lease had been violated, the court affirmed the dismissal in the trial court, holding that the claim should be resolved in the court of claims. Neither of these two cases involved any monetary claim against the State. Plaintiff further cites *Moline Tool Co.*, which involved an administrative review pursuant to statute as to a denial by the Department of a tax refund. That case, as noted, was a review pursuant to statutory authority for such action and was not an original suit for a money judgment, as in the instant case. Plaintiff's action herein is for a refund of monies paid as franchise tax, a monetary claim. The Supreme Court has held that in an action to review the ruling of a State department under the Administrative Review Act, it was error for the circuit court to enter a monetary judgment against the State of Illinois. The court of claims has been established with exclusive jurisdiction to provide for the orderly disbursement of State funds if plaintiff's claim has merit. See *Chicago Welfare Rights Organization v. Weaver* (1972), 5 Ill.App.3d 655, 660, 284 N.E.2d 20, *aff'd on other grounds* (1973), 56 Ill.2d 33, 305 N.E.2d 140.

Plaintiff further argues that the instant action is in substance a proceeding to review the determination by the Secretary of State which denied plaintiff's right to recover the admitted overpayment of the franchise tax and to review the refusal of defendant to accept plaintiff's letter containing the information to supplement its tentative annual report. In *Johnson v. Department of Public Aid* (1972), 3 Ill.App.3d 1045, 279 N.E.2d 791, the court held that an appeal to the circuit court from a decision of the Illinois Department of Public Aid was not barred in that the General Assembly, by providing that the Administrative Review Act shall apply to and govern judicial review of the decisions of the Department, has thereby affirmatively consented to the State's being made a defendant and a party in suits of that nature.

■■ However, unlike *Moline Tool Co.*, cited by plaintiff, as well as *Johnson*, the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*) has not been made applicable by the General Assembly to provide a judicial review of the actions of defendant Secretary of State in matters concerning the Business Corporation Act (Ill. Rev. Stat. 1973, ch. 32, par. 157.1 *et seq.*). It is applicable and governs judicial review only where the statute, creating or conferring power on the administrative agency or officer having power to make administrative decisions, *by*

*express reference*, adopts the provisions of the Administrative Review Act (ch. 110, par. 265). However, assuming arguendo that the instant action is in substance a proceeding to review the determination of the Secretary of State, in the absence of statute providing otherwise, the General Assembly has not authorized such proceeding nor consented to the State's being made a defendant or party. Even where an administrative decision is subject to the Administrative Review Act, the circuit court is without authority to enter therein a monetary judgment against the State. *Campbell v. Department of Public Aid* (1975), 61 Ill.2d 1, 329 N.E.2d 225.

The gist of plaintiff's complaint is that it is equitably entitled to a refund or return of the overpayment of $8,824.09. The claim is founded upon the broad general principle that in equity and good conscience, defendant is not entitled to retain the money, and not upon any statutory provision relative to the refund of taxes.

■■■ In the absence of an authoritative statute providing otherwise, taxes voluntarily paid may not be recovered back by a taxpayer notwithstanding that there may be justice to the claim. (*S.A.S. Co. v. Kucharski* (1972), 53 Ill.2d 139, 142, 290 N.E.2d 224; *Snyderman v. Isaacs* (1964), 31 Ill.2d 192, 201 N.E.2d 106; *Eichman v. Anderson* (1959), 23 Ill.App.2d 329, 162 N.E.2d 673; *Bank & Trust Co. v. Cullerton* (1975), 25 Ill.App.3d 721, 324 N.E.2d 29.) The obligation of a citizen to pay taxes is purely a statutory creation and, conversely, the right to a refund or credit can and does arise solely from the acts of the legislature (*People ex rel. Eitel v. Lindheimer* (1939), 371 Ill. 367, 371, 21 N.E.2d 318). The question of whether or not a payment is voluntary is moot if and when the legislature has, as a matter of grace, provided a statutory remedy for refund. (See *Weil-McLain Co. v. Collins* (1946), 395 Ill. 503, 507, 71 N.E.2d 91.) However, the legislature has not provided such remedy for refund herein.

Plaintiff argues that the payment of the franchise tax was not voluntarily made but, in a legal sense, made under duress because plaintiff could face the loss or forfeiture of its franchise in Illinois, in the event of nonpayment.

■■ In its complaint plaintiff made a singular and factually unsupported allegation of "legal duress," stating in paragraph 3, "The payment of $8,824.09 by the Plaintiff was made under legal duress, and through mistake, inadvertence, and oversight, and without benefit of counsel." Notwithstanding, the factual allegations of the complaint as supported by plaintiff's letter of April 14, 1972, indicate that the payment was made by inadvertence or mistake. The bare allegation of "legal duress" is not sufficient even as an allegation of ultimate fact. (See *Van Dekerkhov v. City of Herrin* (1972), 51 Ill.2d 374, 282 N.E.2d 723.) The allega-

tion, in addition to being totally inconsistent with the remaining allegations of mistake, inadvertence and oversight, cannot raise issues where the pleadings and exhibits contain only evidentiary facts to the contrary (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill.2d 376, 381, 313 N.E.2d 457). However, plaintiff argues that it paid the franchise tax fearing revocation by defendant of its certificate of authority to do business in this State, and that the payment was therefore involuntarily made.

The applicable rules as to duress and compulsion are set forth in *Bank & Trust Co. v. Cullerton* (1975), 25 Ill.App.3d 721, 726, 324 N.E. 2d 29, 33-34:

> "In the absence of statutory provision, taxing authorities have no power to refund illegal taxes not paid under duress. (*Snyderman v. Isaacs* (1964), 31 Ill.2d 192, 201 N.E.2d 106; *People ex rel. Sweitzer v. Orrington Co.* (1935), 360 Ill. 289, 195 N.E. 642.) For a payment of taxes to be deemed under duress there must be some actual or threatened exercise of power possessed, or believed to be possessed, by the party exacting the payment over the person or property of the party making the payment, from which the latter has no reasonable means of immediate relief except by making the payment. (72 Am. Jur. 2d, State and Local Taxation § 1081 (1974).) To render a payment compulsory such pressure must be brought to bear upon the person paying as to interfere with the free enjoyment of his rights of person or property, and the compulsion must furnish the motive for the payment sought to be avoided. (*School of Domestic Arts & Science v. Harding* (1928), 331 Ill. 330, 163 N.E. 15.)"

It is significant to note that upon failure for 30 days to pay fees, taxes or charges to be paid, the Secretary of State *may* revoke the corporation's certificate of authority to transact business in this State (Ill. Rev. Stat. 1973, ch. 32, par. 157.122(b)). However, the revocation is discretionary, and not mandatory or self-executing.

In the instant case, the threat of revocation of its franchise by defendant did not pose any imminent injury. There is no allegation or evidence of any *actual or threatened* revocation by defendant, nor such pressure brought to bear upon plaintiff as to interfere with the enjoyment of its corporate status and property so as to render the payment compulsory. At most, plaintiff presented a subjective apprehension of a potential injury. (*Bradford v. City of Chicago* (1861), 25 Ill. 349; 162 *East Ohio Street Hotel Corp. v. Lindheimer* (1938), 368 Ill. 294, 13 N.E.2d 970.) Neither did plaintiff show that the alleged duress and compulsion furnished the controlling motive for payment and that plaintiff had no other reasonable means of relief except by such payment.

In determining whether the payment herein was under duress or compulsion it is further necessary to determine whether the taxpayer had no reasonable means of immediate relief except by making payment. Although plaintiff has alleged that it had no adequate remedy at law, other procedures were available in addition to the remedy in the court of claims.

Plaintiff had a right to object and have a hearing as to the assessments made by defendant as specified in the notice of assessment served upon it and as provided by the applicable statute. (Ill. Rev. Stat. 1973, ch. 32, par. 157.143.) Plaintiff had a further right to pay the tax under protest and to institute proper court proceedings to enjoin the transfer of its payment to the State Treasury and to obtain a court determination of its liability for such tax. (Ill. Rev. Stat. 1973, ch. 127, par. 172.) The procedure by statute for payment under protest and injunctive relief in itself provides an adequate remedy at law. See *Stratton, Secretary of State v. St. Louis Southwestern Ry. Co.* (1932), 284 U.S. 530.

The following cases relied upon by plaintiff are distinguishable. In *Atchison, Topeka & Santa Fe Ry. Co. v. O'Connor* (1912), 223 U.S. 280, a Colorado franchise tax was in fact paid under protest, and a statute there provided for a refund of a tax erroneously paid under protest and was held to contemplate a suit for such recovery; significantly, the State auditor was authorized to draw a warrant to pay such refund. In *Gaar, Scott & Co. v. Shannon* (1912), 223 U.S. 468, decided on the same date as *O'Connor*, a Texas statute provided a self-operating forfeiture of the right to do business although the payment of the franchise tax was also made under protest, expressly reversing the right to sue because of the alleged unconstitutionality of the tax. In *Stratton v. St. Louis Southwestern Ry. Co.*, the court dismissed an action to enjoin collection of the Illinois franchise tax prior to payment and held that the protest and injunction procedure under paragraph 172 of chapter 127 to recover a tax is essentially a legal remedy, "not any less so nor any less adequate because the State practice has annexed to it an equitable remedy" which was but incidental. Finally, in *People ex rel. Carpentier v. Arthur Morgan Trucking Co.* (1959), 16 Ill.2d 313, 157 N.E.2d 41, suit was brought by the State to recover a balance due upon an application for truck licenses. The court found that the taxpayer was exempt from such fees and had applied and paid partial fees under duress of further arrests of its drivers and the disruption of its business, and was therefore not estopped by such application and partial payment from asserting a defense as to the balance claimed by the State. No claim for refund was made by the taxpayer, the court observing that the result would have been different in such instance.

 Defendant has raised the issues of laches and exhaustion of administrative remedies for the first time on appeal. The defenses were not raised in the trial court and therefore, will not be considered here. *Longenecker v. Hardin* (1970), 130 Ill.App.2d 468, 472, 264 N.E.2d 878; *Krajcir v. Rivera* (1971), 49 Ill.2d 547, 549, 276 N.E.2d 314.

Plaintiff, appellee herein, urges in its brief that defendant did not either in the trial court or on appeal "controvert the Constitutional issues raised by plaintiff in Counts II, III and IV [sic] of the Complaint." These counts alleged that the refusal of the State of Illinois to refund the monies was in violation "of due process and equal protection of the laws under both the United States and Illinois Constitutions, and the provision of the Illinois Constitution that for every wrong there must be a certain remedy." Plaintiff then states that a motion to dismiss admits of matters well pleaded and that the failure to controvert the constitutional provisions constitutes a binding admission which would be a separate and distinct ground for affirming the trial court's "decree." The argument so presented is a bare assertion of the issues sought to be raised, and defendant has not responded. Plaintiff has cited no authorities and has not here adequately argued the contention, as required of an appellee under Supreme Court Rule 341(f) (Ill. Rev. Stat. 1973, ch. 110A, par. 341(f)); therefore, consideration of the issues by this court is inappropriate. *Deckard v. Joiner* (1970), 44 Ill.2d 412, 255 N.E.2d 900, *cert. denied,* 400 U.S. 941, *rehearing denied,* 400 U.S. 1025.

We conclude that the payment of franchise tax in the instant case has not been made under duress or compulsion and is therefore subject to the rules applicable to a tax voluntarily paid and without protest. Although plaintiff brought action on an equitable basis, the action is essentially to recover money which, regardless of the manner of acquisition, is alleged to be wrongfully withheld from plaintiff. The claim sounds in tort and, in the absence of the protest payment and injunctive remedy, is exclusively within the jurisdiction of the Court of Claims.

For the reasons stated, the order and judgment of the circuit court of Cook County in favor of plaintiff and against defendant are reversed.

Reversed.

McGLOON, P. J., and McNAMARA, J., concur.