(No. 6898— ▮▮▮▮▮▮)

SAVIN BUSINESS MACHINES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 24, 1975.*

ARTHUR SPIRO, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; for Respondent.

BURKS, J.

This matter is now before the Court for a ruling on Claimant's petition for rehearing on the Court's opinion filed June 5, 1975, in which we denied this claim by a summary judgment. *30 Ill.Ct.Cl. 612.* We have carefully considered Claimant's petition with Respondent's answer, and Claimant's further reply filed September 29, 1975.

In Claimant's well drafted petition and its reply to Respondent's objections, we fail to find any significant facts or authorities cited that we previously overlooked or misapprehended which would alter the conclusion in our opinion as filed.

Recognizing, as we do, the unfortunate financial loss to the Claimant, it is not within the province of this Court to alter the tax laws of this State, the remedies prescribed by our statutes, nor the interpretations placed upon such statutes by our reviewing courts. The same, of course, is true of any executive officer charged with the duty of assessing and collecting franchise taxes payable by foreign corporations.

The fact that John W. Lewis, Secretary of State, suggested that Claimant file for a refund in this Court, or that Mr. J. Mills of the Secretary's office advised Claimant of the consequences of failure to pay the franchise tax in the amount erroneously assessed, did

not create any new rights or remedies for the Claimant which were not provided by statute. "Everyone is presumed to know the law." *I.L.P. Evidence §24.* This rule applies to foreign corporations doing business in a sister state, as our courts have held in numerous cases. Hence, Claimant's alleged reliance upon instructions received from the office of the Secretary of State can have no legal effect on this claim.

Claimant's argument that it paid the tax involuntarily and under "legal duress" is without merit, as we pointed out in our opinion analogizing the two cases cited by the Claimant in support of this contention, *Snyderman v. Isaacs, 31 Ill.2d 193,* and *Alton Light & Traction Co. v. Rose, Ill.App. 83, 86.*

In both of the above cases cited by the Claimant, the tax refund was denied. In *Snyderman* the tax had been paid under the 1961 amendments to the Retailers' Occupation Tax and the Use Tax Act, which were subsequently held invalid. Yet, the taxpayer was denied a refund because the tax erroneously paid was not paid under protest in accordance with the procedure for recovering such tax prescribed in these Acts. Referring to the said proper procedure, our Supreme Court said at page 196:

In these provisions there is recognition of the possibility that the State may be *unjustly enriched* through the retention of taxes erroneously paid, and a remedy has been provided.

The above statement justifies the State's retention of the $9,060.53 which it was overpaid on Claimant's 1970 franchise tax, and was thus "unjustly" enriched by Claimant's failure to know and follow the legal procedures for obtaining a refund as prescribed by law.

The *Alton* case on which Claimant relied was decided in 1904, before our "protest statute" first became law in 1911, as we stated in our opinion. Even so, the

Court denied a refund, saying at page 85, "The mere fact that a tax was paid unwillingly, or with complaint, is of no legal importance." The reference in *Alton* to a notification "equivalent to a reservation of rights" not only fails to apply to the fact before us, but is no longer controlling in the light of existing statutes.

Finally, we are not impressed with the contention that Claimant is being made to suffer by the fault of the Respondent, and due to no fault of the Claimant. It was Claimant's long delay in filing its 1970 Annual Report, eight months after the statutory deadline, that set in motion the chain of events which resulted in Claimant's overpayment of taxes. Even then, the statute provided a remedy which Claimant failed to follow.

For the reasons stated above and in our prior opinion, Claimant's petition for rehearing is denied and this claim is dismissed.