JANSEN REAL ESTATE CORPORATION, Plaintiff-Appellee, *v.* P. J. CULLERTON, County Assessor of Cook County, *et al.*, Defendants-Appellants.

First District (3rd Division)     No. 62657

Opinion filed May 4, 1977.—Rehearing denied June 23, 1977.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Alan L. Fulkerson, Assistant State's Attorneys, of counsel), for appellants.

Morgan, Lanoff, Cook & Madigan, Ltd., of Chicago (Samuel M. Lanoff, James E. McParland, and Ronald Slewitzke, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This action was brought by plaintiff in the chancery division of the circuit court of Cook County in 1974 to contest the real estate tax assessments on its property for the tax years 1969 through 1973. Defendants, the assessor and other public officials of Cook County, appeal from an order of the trial court granting plaintiff a tax refund covering those years in the amount of $18,113.20 following a trial without a jury. The basic issue in the case is whether plaintiff can challenge the assessments as being grossly excessive, illegal, and constructively fraudulent after the passage of time and the entry of tax judgments against the property. The facts are undisputed.

The property in question is the sole asset of plaintiff, Jansen Real Estate Corporation, and is located in Chicago. The land and two-story brick commercial building have been owned by plaintiff since 1936. The building was leased and the taxes were paid through 1968. At that time the surrounding area declined and plaintiff was no longer able to find tenants. The first installment of the 1969 taxes on the property was paid, but the second installment was not paid. From that time until the property was sold in January 1974, no further taxes were paid (except for the first installment of the 1970 taxes), and no tenants were found. During the entire period the building was listed for sale with a real estate agency. Prior to the filing of this action, the 1969, 1970 and 1971 taxes had been forfeited. As there were no bidders at the tax sale, the property was forfeited to the county.

On January 8, 1974, plaintiff sold the property to a buyer for $24,000. As part of the contract, the plaintiff and buyer agreed that the sale proceeds would be applied to redemption of all unpaid real estate taxes. The taxes were paid in full and totalled with interest and penalties in excess of $23,000. Accompanying the redemption of the delinquent second installment of the 1970 taxes and the entire 1971 and 1972 taxes was a real estate protest letter. Plaintiff had appeared before the assessor and board of tax appeals to contest the valuation of the property for the year 1972, but had not contested the valuation regarding any of the other years' taxes involved in this suit.

On April 10, 1974, plaintiff brought the present action. It complained that the assessment for the years in question were grossly excessive, illegal, and constructively fraudulent, and as such the taxes should be recalculated for these years to effectuate a refund of tax and penalties paid by plaintiff. Defendants filed a motion to strike and dismiss the complaint. The motion argued the availability of a statutory legal remedy; the bar of previous judgments; plaintiff's voluntary payment of the 1973 taxes; plaintiff's payment of 1972 taxes under protest after the time they had been adjudged valid in the collector's 1972 application; and the fact that a redemption under protest did not preserve plaintiff's right to challenge the assessment. After the trial court denied their motion to dismiss, defendants filed an answer, and then an amended answer and a motion for summary judgment. Attached to the amended answer and motion for summary judgment were certified copies of orders entered by the circuit court entering judgments against all tracts, lots, and lands in favor of the State for the amount of the taxes, penalties, and interest due and unpaid on each parcel in the years 1969 through 1972.

On May 9, 1975, plaintiff filed an answer to defendants' motion for summary judgment, and attached the affidavit of John Jansen, treasurer and duly authorized agent of the plaintiff corporation. Plaintiff generally

denied defendants' allegations and claimed that material issues of fact existed. Plaintiff admitted that it had not pursued its statutory remedy, but contended that it could not because it had no money and thus a true remedy did not exist. As to the 1973 taxes, plaintiff stated that it was not the owner of the property in 1974 when the 1973 taxes were assessed. On May 19, 1975, defendants' motion for summary judgment was denied.

Trial was held on the same date. In addition to a stipulation of facts upon which all parties had agreed, plaintiff presented two witnesses. Charles Evers, a real estate salesman, stated that the property in question had been listed with his company since 1970, but that no bona fide offers had been received prior to the one accepted in 1974. Evers testified that in his opinion $24,000 was the fair market value of plaintiff's property from 1969 until it was sold. ·

John Jansen testified that he had no prior dealings with the purchasers and that the sale occurred after arm's length negotiations. Defendants called no witnesses. The trial judge found for plaintiff with the amounts to be determined later. On June 26, 1975, a final judgment containing the amount of the refund was entered.

Plaintiff relies on two points in arguing that it deserves a refund even though it did not contest the assessments prior to the entry of judgments making them final: (1) that it was precluded from its statutory remedy because of its inability to pay; and (2) that the statutory remedy as applied to plaintiff is unconstitutional. Defendants have presented numerous arguments, only some of which need be dealt with in the discussion of these two issues.

Plaintiff successfully maintained in the trial court and urges on appeal that because of its inability to pay the tax, as required before a contest can be initiated, no statutory remedy exists. Although this issue has been raised by taxpayers in previous suits, it has not been resolved by the courts since the cases were decided upon other grounds. See *Euclid Corp. v. Tully* (1976), 42 Ill. App. 3d 105, 355 N.E.2d 659; *Exchange National Bank v. Cullerton* (1974), 17 Ill. App. 3d 392, 308 N.E.2d 284.

■■ The statutory remedy is contained in section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 675), providing for the payment in full of taxes under protest, and in section 235 of the Act. (Ill. Rev. Stat. 1973, ch. 120, par. 716). The latter section provides that persons who have complied with section 194 and are objecting to the application for judgment may offer defenses thereto and, if they are entitled to refunds, the court may rule accordingly. Thus the intended procedure is for the taxpayer to pay taxes under protest and then to attack the assessment as being excessive. (*Hoyne Savings & Loan Ass'n v. Hare* (1974), 60 Ill. 2d 84, 322 N.E.2d 833.) This remedy generally has been held to be an adequate means by which judicial relief from excessive

assessments may be sought by a taxpayer. (*Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299.) Plaintiff here has admitted that it did not comply with the statutory procedure and has sought equitable relief.

■■ The general rule in tax cases is that equity will not grant relief where an adequate remedy at law exists. (*White v. City of Ottawa* (1925), 318 Ill. 463, 149 N.E. 521.) The two exceptions to this rule, that a taxpayer may seek equitable relief although an adequate remedy at law exists where either the tax is unauthorized by law or where it is levied upon property exempt from taxation (*Owens-Illinois Glass Co. v. McKibbin* (1943), 385 Ill. 245, 52 N.E.2d 177), are not applicable to the present case. Thus plaintiff attempts to prove that the statutory remedy is inadequate by pleading that it had no money to pay the taxes in the first place, and therefore could not contest the assessments. *Clarendon Associates v. Korzen* provides that in such a case, for equitable relief to be available, "a special ground for equitable jurisdiction, such as fraudulently excessive assessment, must exist *and* that an adequate remedy at law must not be available." 56 Ill. 2d 101, 107.

■■ If plaintiff could have proved that its legal remedy was inadequate and that the assessment was fraudulently excessive, it could have utilized the equitable remedy of enjoining defendants from assessing and collecting the real estate taxes. However, plaintiff did not so elect. Only once did it even contest the assessment prior to the court's final judgments being entered. For the most part, from the time plaintiff failed to pay the second installment of 1969 taxes until the time it sold the property in 1974, it chose to do nothing. Having failed to pursue either its statutory remedy or the appropriate equitable remedy, plaintiff has asked the courts to provide another opportunity to contest the assessments. In *Clarendon Associates,* the court warned of the potential abuses which can occur when taxpayers are allowed to engage in tactics which lead to unnecessary delays in the payment of taxes. Since plaintiff chose not to exercise an available equitable remedy prior to the judgments becoming final, it would be unwise for the courts to afford it another opportunity to challenge the assessments. The orders of judgment of assessment of real estate taxes against the property must stand since there is no valid reason to create an extraordinary remedy for plaintiff under these facts. See *LaSalle National Bank v. Hoffman* (1971), 1 Ill. App. 3d 470, 274 N.E.2d 640; *Smith v. D.R.G., Inc.* (1975), 30 Ill. App. 3d 162, 331 N.E.2d 614.

■■■ Plaintiff maintains that in light of its inability to pay the tax the statutory remedy deprives it of an opportunity to be heard and thereby denies its constitutional right to due process. Plaintiff correctly points to cases which outline the basic elements of due process as being given adequate notice and an opportunity to be heard or to defend (*Murphy v.*

*Collins* (1974), 20 Ill. App. 3d 181, 312 N.E.2d 772; *City of Chicago v. Cohn* (1927), 326 Ill. 372, 158 N.E. 118.) In *Dietman v. Hunter* (1955), 5 Ill. 2d 486, 126 N.E.2d 22, the court at page 489 outlines the requirements of due process in tax assessment procedures:

> "Due process requires that the property owner be given notice and an opportunity to be heard upon the valuation of his property at some point in the taxing process before his liability to pay the tax becomes conclusively established. * * * [t]he taxpayer is not entitled to notice and an opportunity to be heard at each stage, or at any particular stage, of the assessment procedure. So it has been held that if the taxpayer may be heard upon the question of valuation in an action brought to collect the tax, (*Weyhauser v. Minnesota,* 176 U.S. 550, 555,) or in an action to restrain collection of the tax, (*Security Trust and Safety Vault Co. v. Lexington,* 203 U.S. 323, due process requirements have been satisfied."

If it is assumed that plaintiff's inability to pay the tax rendered the statutory remedy inadequate, then plaintiff could have filed a timely action alleging a fraudulently excessive assessment and seeking to enjoin the assessment and collection of the tax. (*Clarendon Associates v. Korzen.*) Plaintiff was thus provided with an opportunity to be heard whether or not it had the funds to pay the tax assessed. This fulfills the requirements of due process. Sections 194 and 235 of the Revenue Act are not unconstitutional when applied to taxpayers financially unable to pay the tax.

■■ Plaintiff notes that the reason it did not contest the 1973 assessment is that it was no longer the owner of record at the time of that assessment. That fact is not controlling concerning this issue. Plaintiff was the taxpayer responsible for the 1973 real estate taxes and paid these taxes by means of the closing of the real estate sale. The taxes were voluntarily paid, the assessment was not contested, and the payment was not made under protest. In Illinois, in the absence of an authoritative statute providing otherwise, taxes voluntarily paid may not be refunded regardless of whether a valid claim may exist. *Scoa Industries, Inc. v. Howlett* (1975), 33 Ill. App. 3d 90, 337 N.E.2d 305; *S.A.S. Company v. Kucharski* (1972), 53 Ill. 2d 139, 290 N.E.2d 224.

In view of our holding, it is unnecessary to consider the remainder of defendants' contentions opposing the propriety of the trial court's judgment. For the reasons stated, the judgment of the circuit court of Cook County ordering the refund of plaintiff's taxes is reversed.

Judgment reversed.

SIMON, P. J., and McGILLICUDDY, J., concur.