WALTER CHARLES YORK, Plaintiff-Appellant, *v.* DEPARTMENT OF CORRECTIONS ADMINISTRATIVE REVIEW BOARD *et al.*, Defendants-Appellees.

Fifth District No. 78-330

Opinion filed May 22, 1979.

Walter Charles York of Menard, for appellant, *pro se.*

William J. Scott, Attorney General, of Chicago (Donald B. Mackay, Melbourne A. Noel, Jr., and William M. Wippold, Assistant Attorneys General, of counsel), for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff, Walter C. York, appeals from a judgment of the circuit court of Randolph County dismissing an action brought by him under the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*). That action sought a review of a decision of the Administrative Review Board of the Illinois Department of Corrections denying York's grievance challenging the eligibility criteria established for the transfer of residents of the Menard Correctional Center to the Vienna Correctional Center. The State argues, and we agree, that this court does not have jurisdiction to review this matter. The Administrative Review Act does not apply to decisions of the Administrative Review Board of the Department of Corrections involving grievances of Illinois prisoners. The Act is applicable and governs judicial review only where the statute creating or conferring power on the administrative agency which has rendered the decision appealed from has by express reference adopted the provisions of the Administrative Review Act. (Ill. Rev. Stat. 1977, ch.

110, par. 265; *Scoa Industries, Inc. v. Howlett* (1975), 33 Ill. App. 3d 90, 337 N.E.2d 305.) The statute under which the Department's Administrative Review Board was created and empowered to review prisoner grievances is section 3—8—8 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1003—8—8). No provision is made by this section of the code for application of the Adminstrative Review Act to grievance decisions made by the Board. In view of this absence of an express adoption, the circuit court had no jurisdiction under the Act to review the grievance decision, and we have no jurisdiction of this appeal.

Appeal dismissed.

G. MORAN, P. J., and KARNS, J., concur.